**W. J. SMITH d/b/a Pioneer Co., Appellant,**

v.

**Marie K. SELLAR, d/b/a Alaska Bookkeeping & Secretarial Service, Appellee.**

**No. 145.**

Supreme Court of Alaska.

May 29, 1962.

---

Robert A. Parrish, Fairbanks, for appellant.

Henry J. Camarot, of McNealy, Merdes & Camarot, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

This action was commenced by the appellee, Marie Sellar "d/b/a Alaska Bookkeeping & Secretarial Service", to obtain payment of $2,306 for bookkeeping services performed for appellant Smith. At the beginning of the trial appellee's counsel stated that services had been performed by a partnership consisting of Marie Sellar and Misha Bigovich, that the partnership name was Alaska Bookkeeping & Secretarial Service, and that the action was being brought by Marie Sellar on behalf of the partnership. At that point Smith moved for judgment on the grounds that the partnership was not a party to the action and that appellee had failed to allege an assignment to her of the debt due the partnership. The court reserved decision on the motion and proceeded with the trial of the action.

Appellee produced evidence showing that between July 1956 and May 1958 bookkeep-

ing work had been done for Smith by the Alaska Bookkeeping & Secretarial Service; that the Service was first operated by Misha Bigovich as sole owner, and later as a partnership when in April 1958, at the time work was being done for Smith, Marie Sellar became a partner and purchased a partnership interest in all accounts receivable; that on various occasions statements with the letterhead "Alaska Bookkeeping & Secretarial Service" had been sent to Smith which he had received; and that Smith had made partial payments on his account with checks payable to "Alaska Bookkeeping & Secretarial Service". In fact, at one point during the presentation of appellee's case, Smith's counsel stipulated that the services had been performed in the offices of the Alaska Bookkeeping & Secretarial Service, and that the amount of the bill was correct.

At the close of appellee's case Smith renewed his motion for judgment, and when it was denied rested his case without producing any evidence. Judgment was entered for appellee for the amount demanded in the complaint.

On this appeal Smith does not contend that the bookkeeping services were not furnished, nor that he does not owe the amount claimed. He challenges the judgment on two grounds: (1) that Marie Sellar, as an individual partner, could not bring this action in her own name for a debt owing a partnership without joining as party to the action either the partnership[1] or its members; and (2) that she could not bring this action without alleging an assignment of the debt to her from the person to whom it was owed.[2]

The essence of Smith's case is his argument that the complaint failed to show Marie Sellar's capacity to sue, either on behalf of the partnership or as assignee of the claim. This argument overlooks the plain language of Civ.R. 9(a) which states that "It is not necessary to aver the capacity of a party to sue * * *."

If Smith had wished to raise the issue of capacity, he ought to have done so "by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."[3] He did not do this. His answer admitted that "some bookkeeping agency did perform services for the Defendant", and then denied generally the allegations in the complaint on the basis of lack of knowledge of the "facts and figures" alleged in it. There was nothing to indicate that Marie Sellar's competency to recover the debt was being challenged.

A general denial of this sort is not enough to raise the issue as to capacity to sue.[4] This was not a case where Smith had no direct knowledge of the facts relating to that issue or where they were not readily ascertainable.[5] At the opening of the trial his counsel admitted his awareness of this aspect of the case by stating he had specifically avoided it at the pre-trial conference. Marie Sellar had brought suit, not in her name alone, but with the additional designation "d/b/a Alaska Bookkeeping & Secretarial Service". During the course of the trial it was established that Smith had dealt with a business of identical name. In fact, he acknowledged that the services for which he was being sued had been performed in

1. Civ.R. 17(c) provides that "A partnership or other unincorporated association may sue or be sued in its common name."

2. In his brief, Smith suggests that the debt was owed to Misha Bigovich since most of it accrued while she was sole owner of the Alaska Bookkeeping & Secretarial Service.

3. Civ.R. 9(a).

4. Brown v. Music, Inc., Opinion No. 25, 359 P.2d 295, 301 (Alaska 1961).

5. In commenting on Federal Civ.R. 9(a), 28 U.S.C.A., which is identical to the Alaska rule, Professor Moore says: "The Rule, however, does not require the impossible, and a direct denial of plaintiff's capacity should be sufficient where defendant has no direct knowledge of the facts and these are not readily ascertainable." 2 Moore, Federal Practice § 9.02, at 1905 (2d ed. 1961).

the offices of the Alaska Bookkeeping & Secretarial Service and that the amount sued for was what he owed.

It is readily apparent that Smith had notice, at the time of the commencement of the action, that Marie Sellar was suing for a debt he owed the Service. If he had any objection to her right to obtain payment, either as partner on behalf of a partnership or as assignee of the claim, he was required to point that out specifically in his answer. By failing to do this he waived the objection.[6]

The judgment is affirmed.

6. Civ.R. 12(h) states that "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided, or, if he has made no motion, in his answer or reply, * * *".

Brown v. Music, Inc., supra note 4, 359 P.2d at 301.

