Bias MALASARTE and Jean Malasarte,
Individually d/b/a Malasarte
Insurance, Appellants,

v.

Sam COLEMAN and Sadie Coleman,
Appellees.

No. 436.

Supreme Court of Alaska.

July 10, 1964.

John S. Hellenthal, Anchorage, for appellants.

Clark & Savage and Lloyd S. Kurtz, Jr., Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

The question is whether the trial court erred in denying appellants' request for a continuance after it had permitted appellee-plaintiffs to amend their complaint based on breach of contract to add a claim for relief in negligence after trial had commenced.

The complaint alleged in part, with respect to a building owned by appellees:

"That this building had been insured for $10,000.00 through the Defendants' agency for a number of years and the Plaintiffs had paid the premiums on said building on an open account. The Plaintiffs relied on the Defendants to renew the fire policy on this building as they had done in previous years. That the Defendants *breached this contract* with the Plaintiffs by not renewing said fire policy on the building and that said building was destroyed and under the policy they are entitled to $10,000.00 which the Defendants refused and continue to refuse to pay to the Plaintiffs." [emphasis ours]

Over two years after the complaint had been filed, and without the benefit of pretrial procedure, the case came on for trial. In opening argument, counsel for appellees stated that the portion of the complaint

quoted above alleged negligence as well as breach of contract. Trial counsel for appellants questioned this conclusion. Appellees then requested permission to amend by adding a paragraph alleging negligence. Trial counsel for appellants objected and requested a continuance in the event leave to amend was granted. The trial court granted leave to amend, denied the request for continuance and proceeded immediately with the trial.

After trial the court found that there had been an oral contract between the parties which was breached through the negligence of the appellants in failing to renew the fire insurance, to appellees' loss in the amount of $10,000.00. No formal amendment of the complaint to state an action in negligence was ever made.

Appellants contend that they were severely prejudiced by the last minute introduction of negligence into the suit which caught them by surprise and unprepared. Refusing to grant a continuance to allow them to prepare for trial on the new issue was error, they contend, and argue that the result was to deprive them of their constitutional right to a jury trial on the issue of negligence.

Ordinarily the case would have been pre-tried. At that time appellees' desire to plead negligence as well as breach of contract would have come to light. Their request to amend would no doubt have been granted as a matter of course and incorporated in the pre-trial order. The advantages of pre-trial in uncovering issues and the finality of the pre-trial order, would in all likelihood have obviated any occasion to request permission to amend to incorporate an additional cause of action.

However, pre-trial was not employed and over two years after the complaint had been filed and after trial had commenced, leave to amend to introduce an entirely new cause of action was granted over strenuous objection.

■ The policy of the courts of Alaska is concisely stated in Civil Rule 15(a) which provides among other things that leave to amend pleadings shall be freely given when justice so requires. However, this particular provision of the rule must be read and interpreted in context with the remaining provisions. Particularly to be avoided is the granting of ex-parte amendments to pleadings, out of the regular pleading schedule provided for in the rule, where this will result in surprise and prejudice to the rights of the other parties to the action.

Here the complaint did not state a cause of action in tort. Counsel for appellees intimated to the court that he had been under the impression all along that it did state an action in tort as well as in breach of contract, but, in order to settle "any unrest in defense counsel's mind about whether it reads in negligence or not", asked leave to amend.

The trial judge seemed to be under the impression that adding a cause of action in negligence merely created an additional question of law. Counsel for appellants insisted that the amendment would create a question of law and fact and that he would need time to prepare. Without any attempt to explore counsel's claim, leave to amend was granted.

■ A first reading of the complaint might indicate that essentially the same facts would support both causes of action, but this is not necessarily so. Introducing negligence as the basis for relief considerably expanded the area to be defended since it required that appellants' conduct under the circumstances be compared with that of the reasonable prudent person. We hold that under the circumstances it was error to grant leave to amend without granting appellants a continuance sufficient to prepare a defense to the new action.

The manner in which the amendment was proposed and granted must be criticized. The transcript reveals that the following transpired:

"THE COURT: Well, where do you want to amend your complaint, Mr. Clark.

"MR. CLARK: Your Honor, I would just add a paragraph that the plaintiff brings this action in tort also for negligence.

"THE COURT: But for a total sum of $10,000.

"MR. CLARK: Yes sir.

"THE COURT: Well, motion to amend will be granted.

"MR. CLARK: Thank you, Your Honor.

"THE COURT: You may proceed."

After the court had decided to permit amendment counsel should have been required to serve and file copies of the amendment or amended pleadings at his earliest convenience. The effort would not have been wasted. As it was, no specific amendment was ever made to the pleadings, either by adding a paragraph as was proposed, by motion and interlineation or after judgment to conform to the proof.[1]

The judgment is reversed and the case remanded for a new trial. Since the case must be retried we shall not attempt to pass on the other points mentioned in appellants' brief.

1. See Civ.R. 15(e).