Mark S. MERRILL by his guardian ad litem,
Robert L. Merrill, Appellant,

v.

Howard M. FALTIN, Appellee.

No. 742.

Supreme Court of Alaska.

Aug. 7, 1967.

914

George F. Boney and Warren W. Matthews, Jr., of Boney & Pease and Hugh B. White, Anchorage, for appellant.

John S. Hellenthal, Anchorage, for appellee.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

Appellee hit appellant with his fist and broke appellant's jaw. Appellant brought this action for damages and the jury returned a verdict in appellee's favor. On this appeal appellant contends that several errors committed by the trial court call for a new trial.

### Amendment of Answer

Appellant's counsel interrupted appellee's counsel's opening statement to the jury in order to object to the latter making any reference to self-defense to the alleged assault and battery. The ground for the objection was that self-defense was an affirmative defense and since it had not been pleaded in accordance with Civil Rule

8(c),[1] it had been waived and was not an issue in the case. Appellee then moved to amend his answer in order to state the affirmative defense of self-defense. The court granted the motion to amend and stated that appellant was entitled to a continuance if he wished, and that if there were a continuance, costs and attorney's fees would be assessed against appellee. Appellant did not accept the offer of a continuance but elected to proceed with the trial. He claims here that it was error on the part of the trial court to allow the amendment to appellee's answer.

Under Civil Rule 15(a)[2] it was within the discretion of the trial court to grant or deny appellee the opportunity to amend his answer to appellant's complaint.[3] We will interfere in the exercise of such discretion only where it has been abused. We find no abuse of discretion. The court had the task of balancing the hardship to appellee if the affirmative defense of self-defense was not allowed to be made[4] against the disadvantage to appellant in allowing such a defense to be made after the trial had begun. In attempting to achieve a fair balance, the court chose to allow the amendment to appellee's answer, and at the same time attempted to relieve appellant of the disadvantage to which he would be put by the belated amendment by allowing a continuance and court costs and attorney's fees to appellant for the delay. In so doing, the court obviously was cognizant of the mandate of Civil Rule 15(a) that leave to amend "shall be freely given when justice so requires". That means in this case that if the circumstances relied upon by appellee as to the alleged assault and battery might constitute a proper defense, appellee ought to have been afforded the opportunity to test his defense on the merits.[5] The trial court's decision was in keeping with the purpose of pleading under our civil rules, i. e., to facilitate a proper decision on the merits of the controversy, and was consistent with the overall purpose of the rules which is to secure the just, speedy and inexpensive determination of every action.[6] It may be

1. Civ.R. 8(c) provides:
 In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

2. Civ.R. 15(a) provides:
 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

3. See Malasarte v. Coleman, 393 P.2d 902, 903 (Alaska 1964). Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222, 226 (1962) (construing Rule 15(a), Federal Rules of Civil Procedure, which is identical with Alaska Civ.R. 15(a)).

4. As it turned out at the trial, self-defense was the only defense appellee had inasmuch as he admitted hitting appellant in the jaw.

5. See Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

6. Civ.R. 1 provides:
 The procedure in the superior court and so far as applicable, in the magistrate courts, shall be governed by these rules in all actions or proceedings of a civil nature—legal, equitable or otherwise. These rules shall be construed to secure

true that appellant and his witnesses were ready to go to trial and that a continuance at that point would have been inconvenient. But it is apparent that the trial court considered that the inconvenience to appellant was outweighed by the hardship to appellee if the merits of the controversy could not be thoroughly gone into and decided. We cannot say that the court was wrong in this decision.

*Motion for Directed Verdict*

█ At the close of the evidence appellant moved for a directed verdict on the issue of self-defense. The motion was denied. Appellant assigns this action of the trial court as error.

Appellant testified that he and two friends, Jack Carl and Ken Boggs, stopped at the Center Bowl in Spenard, Alaska to use a public telephone. Appellant and Boggs were leaning against the wall while Carl made a phone call in a wall-type telephone booth. Appellant testified that while he was speaking with Boggs he recalled noticing a man approach and pass by. Appellant's next recollection was that someone tapped him on the shoulder, and as he turned to face this person he saw only a flash of light as he was struck a sharp blow to the face.

On the other hand, appellee testified that he had been bowling; that when he went to the clothes rack to get his sweater he observed that appellant had his left hand in a pocket of the sweater; that he said to appellant, "Get your hands out of my pocket"; that appellant took his hand out of the pocket of the sweater and moved toward appellee; that appellant was towering over appellee, appellant being 6 feet 2 inches tall as compared with appellee's 5 feet 6½ inches; that appellant was extremely belligerent in manner and was clenching his fist; that appellant advanced toward appellee some more and that appellee backed up

against a row of seats; that two other persons appeared to be with appellant and were "ganging up" on appellee; that there was a man behind appellee which gave him some concern because he thought he was being surrounded; and that when appellant moved toward appellee the second time and appellee noticed that the person behind him made a movement, appellee struck appellant on the jaw because he thought that appellant and his companions were surrounding him and were about to attack him.

Looking at the evidence in a light most favorable to appellee, it seems clear from appellee's testimony that fair minded men in the exercise of reasonable judgment could have differed on the question of whether appellee was justified as a matter of self-defense in striking appellant. Submitting this issue for jury determination was proper.[7]

*Instruction No. 13*

In Instruction No. 13 the jury was told:

In this action, the plaintiff has the burden of proving the following issues:

(1) That defendant committed a malicious and unlawful assault and battery on plaintiff;

(2) That plaintiff suffered damages and the extent of such damages.

The defendant has the burden of proving that the assault and battery was committed in self-defense.

In determining whether or not an issue has been proved by a preponderance of the evidence, you should consider all of the evidence bearing upon that issue regardless of who produced it.

Appellant claims that this instruction was erroneous because it misstated the law as to assault and battery by placing the burden on appellant to prove that appellee acted maliciously.

the just, speedy and inexpensive determination of every action and proceeding.

7. Rexford v. Saslow, 425 P.2d 611, 614 (Alaska 1967); Saxton v. Harris, 395 P.

2d 71, 73 (Alaska 1964). See Harris v. Barrett & Lesh, Inc., 426 P.2d 331, 334 (Alaska 1967); Bertram v. Harris, 423 P.2d 909, 915 (Alaska 1967).

What appellant says as to the element of malice is correct. To make one liable for an assault and battery it is not necessary that he be inspired by malicious motives. If one acts intending to cause a harmful or offensive contact with the person of another, and if the latter is put in imminent apprehension of such a contact, and an offensive contact results, one is liable for an assault and battery even though he acted with no feeling of hostility or ill will or enmity toward the other.[8] The trial court was mistaken .in stating that appellant had the burden of proving that appellee committed an assault and battery that was malicious.

Appellee argues that if the instruction was erroneous, the error was cured by Instruction No. 14.[9] We disagree. Instruction No. 14 simply defines a battery as the unlawful touching of another in a rude, insolent or angry manner. The jury was still required by Instruction No. 13 to find that such unlawful touching was malicious in order to find appellee liable.

It is true, as appellee points out, that appellant did not object to the giving of Instruction No. 13. We have held that we shall not pass upon an assertion that the giving of an instruction was error where the matter had not been properly brought to the attention of the trial court.[10] But we have also held that we shall consider plain errors, even though not objected to below, which are so substantial as to result in injustice.[11]

That is the situation here. We are unable to assess the effect that the errone-ous instruction may have had on the jury. It is clear, though, that the court placed on appellant a greater burden than was required, by making it necessary for him to prove that appellee acted with malice in committing an assault and battery on appellant. It is entirely possible that the jury may have found that there was an assault and battery on the person of appellant, but determined that there was no liability because it was not proved that appellee acted maliciously, that is, with ill will, or hatred or enmity. In this situation we cannot say with any degree of confidence or certainty that the erroneous instruction was not prejudicial to appellant. There must be a new trial.

## Appellant's Requested Instruction

Appellant requested the trial court to instruct the jury as follows:

> You are instructed that if you believe from the evidence that the Defendant used more force than was reasonably necessary to protect himself or his property, then you shall find the Defendant liable, and assess such damages, in favor of the Plaintiff, as you may believe from the evidence, will compensate him for the injuries sustained, if any.

The court denied the request and appellant assigns that ruling as error.

In Instruction No. 18 the court told the jury that if they found that the injuries inflicted on appellant were not injuries that were necessary to be inflicted by appellee in self-defense, then their finding should be for appellant.[12] In Instruction

---

8. Restatement (Second) of Torts §§ 34, comment a; 21; 18 (1965).

9. Instruction No. 14 provided:
 You are instructed that assault and battery is the unlawful beating of .another and you are further instructed that the least unlawful touching of the person of another in a rude, insolent or angry manner is a battery.

10. See Pepsi Cola Bottling Co. v. Superior Burner Serv. Co., 427 P.2d 833, 836–837 (Alaska 1967). Saxton v. Harris, 395 P. 2d 71, 73 (Alaska 1964).

11. Meyst v. East Fifth Ave. Serv., Inc., 401 P.2d 430, 434 (Alaska 1965).

12. Instruction No. 18 provided:
 You are instructed that one committing an unlawful assault upon another is responsible in damages and for the natural and reasonable consequences of his act. In this case, if you find that the Plaintiff was unlawfully attacked by the Defendant and that the Plaintiff sustained injuries thereby as charged in the Complaint, and if you also find that the injuries inflicted upon

No. 16 the court spoke of the degree of force that one may use in self-defense of his person when he has reasonable ground to believe and does believe that another person is about to inflict bodily injury upon him.[13] These two instructions adequately cover the subject matter of appellant's proposed instruction, and therefore refusal to give such instruction to the jury was not error.

*Argument to the Jury*

 In his final argument appellant's counsel reviewed the evidence and outlined his theory of the case to the jury, but omitted any reference to damages. At the close of appellant's opening argument, appellee's counsel presented his argument to the jury. He discussed the question of damages. When he finished, he moved the court to restrict appellant's rebuttal argument to matters mentioned in his opening argument and that appellant be precluded from making any argument respecting damages. The court granted the motion, stating that appellant had waived any argument on damages by not having

mentioned that subject in his opening argument, and the court precluded appellant's counsel from making any argument to the jury on the question of damages in rebuttal.

In making this ruling the court relied upon that part of Civil Rule 46(g) which provides that "If the plaintiff waives the opening argument and the defendant then argues the case to the jury, the plaintiff shall not be permitted to reply to the defendant's argument."[14] The rule is applicable here because appellant did waive his opening argument as to the issue of damages. The trial court had the choice of either applying the rule, which he did, or of relaxing or dispensing with the rule under Civil Rule 94,[15] which he chose not to do. This was a matter within the trial court's discretion. We will interfere in the exercise of that discretion only where it has been abused. Appellant has not convinced us that there has been such an abuse in this case.

The judgment is reversed and the case remanded for a new trial.

the Plaintiff were not injuries that were necessary to be inflicted in self defense, then your finding should be for the Plaintiff.

13. Instruction No. 16 provided:
In this case the defendant claims he acted in keeping with his right of self-defense.

A person upon whom an unprovoked assault is being made, or a person who has reasonable ground for believing and does believe that another person is about to inflict bodily injury upon him, need not retreat but may stand his ground and defend the integrity of his person; and where in such self defense of his person he injures his assailant, the law holds there is legal justification provided he used no more or greater force or means than that which he in fact believed to be reasonably necessary, and no more or greater force or means than would appear to a reasonable person, in similar circumstances, to be necessary, in order to prevent the bodily injury which then appears to be imminent.

The burden of proving this defense by a preponderance of the evidence rests upon the defendant.

14. Civ.R. 46(g) provides in full:
When the evidence is concluded, and unless the case is submitted to the jury by mutual agreement of both sides without argument, the plaintiff shall open with his argument; the defendant shall follow with his argument and the plaintiff may conclude the argument. Not more than two counsel shall be allowed to address the jury on behalf of either party, unless otherwise allowed by the court. If the plaintiff waives the opening argument and the defendant then argues the case to the jury, the plaintiff shall not be permitted to reply to the defendant's argument.

15. Civ.R. 94 provides:
These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.