Gordon F. BURNS, Administrator of the Estate of Wilma Carol Fuglemsmo, Deceased, Appellant,

v.

ANCHORAGE FUNERAL CHAPEL, Appellee.

No. 1465.

Supreme Court of Alaska.

March 22, 1972.

---

3. Hamilton v. Lotto, 397 P.2d 980, 982 (Alaska 1965).

4. Beaulieu v. Elliott, 434 P.2d 665, 676 (Alaska 1967).

James K. Tallman, Anchorage, for appellant.

John C. Hughes, and Douglas D. Lottridge, of Hughes, Thorsness, Lowe, Gantz & Clark, Anchorage, for appellee.

Before BONEY, C. J., and RABINOWITZ and CONNOR, JJ.

RABINOWITZ, Justice.

Gordon Burns, as administrator of the Estate of Wilma Fuglemsmo, brought suit against the Anchorage Funeral Chapel in the superior court. In Count I of his complaint Burns stated a claim for relief for wrongful death asserting that Anchorage Funeral had prematurely embalmed Wilma Fuglemsmo. This claim was tried to a jury which returned a verdict in favor of Anchorage Funeral. In Count II the administrator alleged a claim for wrongful interference with the right of the next of kin to preserve the body of the deceased. This count stated that Anchorage Funeral had embalmed the body of Wilma Fuglemsmo without the consent of her next of kin, and that this unauthorized act caused the next of kin emotional distress. Subsequent to the filing of this count, the trial court issued a pre-trial order in which the administrator was required "either to file an amended complaint [adding the next of kin as plaintiffs] or to defend a challenge against the second claim of want of capacity in the administrator." The administrator decided to defend the position that he had previously adopted, namely that he was the real party in interest, whereupon Anchorage Funeral moved for judgment on the pleadings. At this point the administrator moved to add the next of kin of Wilma Fuglemsmo as parties plaintiff. The superior court granted Anchorage Funeral's motion for judgment on the pleadings and denied the administrator's motion to add parties plaintiff on the ground that any claim the next of kin might have possessed arising from the unauthorized embalming was barred by the controlling two year statute of limitations.[1] The trial court reasoned that since Burns, as administrator, was not the real party in interest, a new claim for relief would be introduced by an amendment adding parties plaintiff, and that, therefore, the amendment could not relate back to the date on which the administrator instituted suit against Anchorage Funeral.[2]

The issues, as framed by the parties to this appeal, involve substantive and procedural facets of the subject of real parties in interest; the propriety, within the context of this case, of amendment of the pleadings in order to add additional parties plaintiff; the impact of such an amendment upon the bar arising from the applicable two year statute of limitations; and whether the second count of the complaint stated a claim for relief. We first turn to the real party in interest issues.

Civil Rule 17(a) provides in part:

Every action shall be prosecuted in the name of the real party in interest; but an . . . administrator . . . may sue in his own name without joining with him the party for whose benefit the action is brought . . . .

The first clause of Civil Rule 17(a) requires that every action be prosecuted in the name of the real party in interest. Rule 17(a), Federal Rules of Civil Procedure, which parallels Alaska's Civil Rule 17, has been consistently interpreted to mean that an action or claim for relief shall be prosecuted in the name of the party who, by the substantive law, possesses the right sought to be enforced.[3] Thus Burns, as administrator, must under the substantive law

---

1. AS 09.10.070 provides in part:

   No person may bring an action . . . for any injury to the person or rights of another not arising on contract, and not specifically provided otherwise . . . unless commenced within two years.

2. Burns, as administrator, filed the claim for relief alleged in Count II before the expiration of the two year statute of limitations.

3. 2 W. Barron & A. Holtzoff, Federal Practice and Procedure § 482, at 7 (Wright ed. 1961); 3A J. Moore, Federal Practice ¶ 17.02, at 53 (2d ed. 1970); 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1541, at 635 (1971); C. Clark & R. Hutchins, The Real Party in Interest, 34 Yale L.J. 259, 261 (1925); L. Simes, The Real Party in Interest, 10 Ky.L.J. 60 (1922).

of Alaska, have had the right which is to be judicially enforced.

In Edwards v. Franke, 364 P.2d 60, 63 (Alaska 1961), we said that

> [i]t is generally the law in this country that the right to possess, preserve and bury, or otherwise dispose of, a dead body belongs to the surviving spouse and, if none such, then to the next of kin in the order of their relation to the decedent; that a violation of that right is a tort; and that damages for mental suffering are recoverable for a wilful invasion of the rights relating to dead bodies. (Footnote omitted.)

■ It follows that a claim for relief for wrongful interference with the right to preserve a dead body belongs exclusively to the surviving spouse or to the next of kin of the decedent. This substantive right is in the surviving spouse or next of kin, whether the claim is analyzed as a tortious invasion of a property right or infliction of emotional harm.[4] We therefore conclude that under the first clause of Civil Rule 17(a) the trial court correctly held that Burns was not a real party in interest to this litigation.

■ In his appeal Burns argues that he properly instituted the suit as administrator because of a specific exception to the real party in interest rule. In support of this contention, Burns points to the language of the second clause of Civil Rule 17(a) which provides in part that " . . . but an . . . administrator . . . may sue in his own name without joining with him the party for whose benefit the action is brought." Burns' position that this language embodies an exception to the main rule is not borne out by the federal experience under the similar Rule 17(a), Federal Rules of Civil Procedure. In 1966 the "but" of the enumerative second clause was deleted from the federal Rule 17(a) "to make it clear that the specific instances enumerated are not exceptions to, but illustrations of, the rule."[5] Under the common law, and by statute in Alaska, an administrator may sue for the benefit of the estate.[6] The administrator possesses the bare legal title to any claim for relief which is the property of the estate.[7] Since the estate in the case at bar had no claim for relief for wrongful interference with the right to preserve the body of the deceased, or for any emotional harm that may have resulted from the unauthorized embalming

4. Edwards v. Franke, 364 P.2d 60, 63 (Alaska 1961); Gadbury v. Bleitz, 133 Wash. 134, 233 P. 299 (1925); W. Prosser, Law of Torts § 12, at 58–59 (4th ed. 1971); Restatement of Torts § 868 (1939).

5. Notes of Advisory Committee on Rules, Fed.Rules Civ.Proc. Rule 17, 28 U.S.C.A. 5 (Supp.1972). In regard to this question, Professor Moore states:

> The enumeration, prior to the 1966 amendment, was in the form of a 'but' clause. As a result, an inference, that might have been drawn previously, was that the enumeration constituted an exception that allows certain specified persons having only a fair legal title to maintain an action, and hence that the introductory statement is limited to persons having a beneficial interest. A different inference was that the enumeration was not intended as an exception to the generalized introductory statement but was added for illustrative purposes out of caution. It was urged in an earlier edition of this Treatise that the latter construction was more sound on the following basis. The real party in interest rule was not designed to change substantive law. By substantive law it is generally the duty of the executor, administrator, guardian or trustee of an express trust to enforce the rights of the estate which he represents. It is usually only where such fiduciary is derelict in his duty that the beneficial owner obtains a right of action. Accordingly, the enumeration does not qualify but supplements the introductory statement; those within the enumeration are real parties in interest. The 1966 amendment expressly adopted this construction by dropping the 'but' from the enumeration clause. 3A J. Moore, Federal Practice ¶ 17.12, at 471–72 (2d ed. 1970) (footnotes omitted).

6. AS 13.20.220.

7. *See* 2 W. Barron & A. Holtzoff, Federal Practice and Procedure § 482, at 9 (Wright ed. 1961).

of the deceased, Burns, as administrator, was not the real party in interest.[8]

Burns further contends that Anchorage Funeral waived any objection to Count II of the complaint because the real party in interest issue was attempted to be raised in a procedurally impermissible and untimely manner. Specifically, Burns says that Civil Rule 9(a), which requires that the capacity of a party to sue be raised by specific negative averment, controls the manner by which the real party in interest objection should have been raised.[9]

In previous decisions this court has held that the specific negative averment requirements of Civil Rule 9(a) are an appropriate vehicle by which a real part in interest question may be raised. Weaver v. O'Meara Motor Co., 452 P.2d 87, 90 (Alaska 1969); Wilson v. Interior Airways, Inc., 384 P.2d 956, 957 (Alaska 1963); Smith v. Sellar, 371 P.2d 809, 810 (Alaska 1962).[10] These decisions are reflective of the fact that neither the Federal Rules of Civil Procedure nor Alaska's Rules of Civil Procedure contain any specific procedures for raising real party in interest objections under Civil Rule 17(a). Neither body of these procedural rules specifies when a real party in interest objection under Rule 17(a) should be made. Given this situation legal commentators have concluded that an objection to the plaintiff's status as a real party in interest can be appropriately included in a responsive pleading, thus treating the objection as analogous to an affirmative defense under Civil Rule 8(c).[11] The commentators have also opined that it appears logical to allow a Civil Rule 17(a) real party in interest objection to be raised by motion.[12] It has also been noted that a real party in interest objection resembles the defense of failure to state a claim, which under Civil Rule 12(b) (6) may at the pleader's option be raised either by motion or asserted in a responsive pleading.[13] Some courts have adopted an

8. Civ.R. 17(a), after stating the real party interest rule, further reads in part
   but an . . . administrator . . . or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought . . . .
   Burns further argues that under Alaska's survivorship statute, AS 13.20.330, he qualifies as a real party in interest. This statute, however, provides for the survivorship of those claims which the decedent held before death. Since the decedent, under the common law and decisional law of Alaska, did not have a claim for relief arising from the acts alleged under Count II of the complaint, Burns as administrator cannot avail himself of AS 13.20.330 in his attempt to qualify as a real party in interest in the case at bar.
   AS 13.20.340, Alaska's Wrongful Death Act, was the basis of the claim for relief stated in Count I of the complaint in this case, but has no applicability to the resolution of the real party in interest issues under Count II of the complaint.

9. Civ.R. 9(a) provides:
   (a) *Capacity*. It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

10. *Cf.* Brown v. Music Inc., 359 P.2d 295, 300 (Alaska 1961). In this case we applied the procedural requirements of Civ.R. 9(a) in holding that Music Inc.'s lack of capacity should have been raised by specific negative averment.

11. 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1554, at 700 (1971).

12. *Id.*

13. *Id.* at 701. Several courts and commentators view real party in interest challenges as similar to objections based on the failure to join an indispensable party. Under the Alaska Civil Rules and the Federal Rules of Civil Procedure, the defenses of failure to state a claim for relief and failure to join an indispensable

approach similar to that which we employed in the *Weaver, Wilson,* and *Smith* line of cases, and have viewed delay in raising a real party in interest defense under Civil Rule 17(a) as equivalent to a failure to plead special matters, such as lack of capacity under Civil Rule 9(a).[14]

■ In light of the uncertainty created by the lack of specific direction in our rules of civil procedure as to when, and the manner in which a real party in interest objection based on Civil Rule 17(a) should be raised, we hold that our courts have discretion to determine whether in the particular factual context of the litigation a waiver of the objection has occurred. Study of the record in the case at bar has convinced us that the trial court's implied holding that no waiver of the real party in interest objection had taken place was correct. We further hold that the trial court did not abuse its discretion in allowing the defense to be raised in the motion for judgment on the pleadings.[15]

■ This brings us to the question of whether the trial court correctly denied Burns' motion to amend his complaint to add the deceased's next of kin as parties plaintiff. Earlier we mentioned that the trial court denied the motion on the ground that since Burns was not the real party in interest a new claim for relief would be introduced by an amendment adding parties plaintiff, and that therefore the amendment could not relate back to the date the

administrator instituted the lawsuit. We hold that the requested amendment should have been allowed. Regarding the relation back of amendments, Civil Rule 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

■ This rule of civil procedure and the policy it reflects is of controlling significance in the decision of this amendment issue. Count II of the complaint sufficiently identified the specific facts upon which the claim for relief was based, the persons injured, and further specified that recovery was sought for their benefit. Thus in the context of the pleadings in this case, Anchorage Funeral was sufficiently informed of the nature of the asserted claim for relief so that no new claim for relief would have been injected by virtue of an amendment which added or substituted the next of kin as parties plaintiff. Our analysis is in accord with the basic rule applied by federal courts in determining whether an amendment introduces a new claim for relief. The federal authorities hold that if the amendment is based on the same specific conduct of the defendant upon which the original claim for relief was founded, no new claim for relief is stated by the amendment.[16] We are thus led

party may be raised at any time and are not waived by virtue of delay in making the objection. 6 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1554, at 702–03 (1971). *See also* Civ.R. 12(h).

14. E. Brooke Matlack, Inc. v. Walrath, 24 F.R.D. 263, 266 (D.Md.1959).

15. Since a real party in interest objection is dilatory in nature, it should be raised with reasonable promptness. We recognize, however, that it may not be discovered that a party is not the real party in interest until after the answer has been filed. For this reason we think the timeliness of the objection must be left to the

sound discretion of the trial court. *See* 3A J. Moore, *Federal Practice* ¶ 17.15–1, at 604 (2d ed. 1970).

16. Link Aviation, Inc. v. Downs, 117 U.S. App.D.C. 40, 325 F.2d 613, 615 (1963); *see* Russell v. New Amsterdam Cas. Co., 303 F.2d 674, 679 (8th Cir. 1962); Kansas Elec. Power Co. v. Janis, 194 F.2d 942, 944 (10th Cir. 1952); American Fidelity & Cas. Co. v. All American Bus Lines, 190 F.2d 234, 237 (10th Cir. 1951); Popovitch v. Kasperlik, 76 F.Supp. 233, 238 (W.D.Pa.1947); Jacobs v. Pennsylvania R.R., 31 F.Supp. 595, 596 (D.Del. 1934).

It has been said that the purpose of the rule is to determine whether the de-

to the conclusion that an amendment providing for the addition of the next of kin as parties plaintiff would not have given rise to a new claim for relief since the amended Count II would still have been based upon the same acts relied upon in the original pleading of which Anchorage Funeral had ample notice. Under the provisions of Civil Rule 15(c) such amendment relates back to the date of Burns' original complaint.[17] Since the amendment adding parties plaintiff relates back to the date of the original complaint, the two year tort statute of limitations is no bar to prosecution of the claim for relief under Count II.

One point remains for disposition. Anchorage Funeral urges that any error on the trial court's part in refusing to grant the motion to amend was harmless error on the theory that Count II of the complaint does not state a claim for relief. Scholars in the field of torts hold the view that there is a claim for relief for wrongful interference with the right to preserve a dead body. 1 F. Harper & F. James, The Law of Torts § 9.4, at 674 n. 3 (1956); W. Prosser, Law of Torts § 54, at 329 n. 51 (4th ed. 1971); and P. Jackson, The Law of Cadavers 142–43 (1950). There is judicial precedent supporting this view. *See* Sworski v. Simmons, 208 Minn. 201, 293 N.W. 309 (1940); Edwards v. Franke, 364 P.2d 60, 63 (Alaska 1961.) [18] We therefore hold that the trial court's denial of Burns' motion to amend was not harmless error.

Reversed and remanded with directions to proceed in accordance with this opinion.

ERWIN, J., not participating.

---

fendant has been put on notice with regard to the claim against him raised by the amended pleading. 1A W. Barron & A. Holtzoff, Federal Practice and Procedure § 448, at 766–67 (Wright ed. 1961). *See also* discussion on relation back of amendments adding parties plaintiff or defendant in 3 J. Moore, Federal Practice ¶ 15.15 [4.–1], at 1043–48 (2d ed. 1968).

17. Federal authorities have relied on the parallel to our Civ.R. 15(c) to enable an amendment substituting the real party in interest to relate back to the time the original action was filed. Crowder v. Gordons Transports, Inc., 387 F.2d 413 (8th Cir. 1967); Holmes v. Pennsylvania N.Y. Cent. Transp. Co., 48 F.R.D. 449 (D.C.Ind.1969). *Cf.* Malasarte v. Coleman, 393 P.2d 902, 903 (Alaska 1964). In 1966, Fed.Rules Civ.Proc. 17(a) was amended to add an additional sentence which provides that a claim shall not be dismissed on the ground "that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for . . . joinder or substitution of, the real party in interest . . . ." The Advisory Committee on Rules commented that

[t]he provision that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest . . . is added simply in the interests of justice. In its origin the rule concerning the real party in interest was permissive in purpose . . . . [T]he modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata. Notes of Advisory Committee on Rules, Fed.Rules Civ.Proc. 17(a), 28 U.S.C.A. 5 (Supp. 1972).

As to the relation back of amendments adding the real party in interest, the committee notes that the amendment is intended to keep pace with the more recent decisions which

are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed . . . . It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made. Notes of Advisory Committee on Rules, Fed.Rules Civ.Proc. 17(a), 28 U.S.C.A. (Supp. 1972).

18. *Contra* Parker v. Quinn-McGowen Co., 262 N.C. 560, 138 S.E.2d 214 (1964).