BETHEL FAMILY CLINIC, an Alaska corporation, Appellant,

v.

BETHEL WELLNESS ASSOCIATES, an Alaskan partnership, Michael R. Moser, M.D., and Gay Petro, P.A., Appellees.

No. S–12233.

Supreme Court of Alaska.

June 15, 2007.

John S. Hedland, Hedland, Brennan & Heideman, Anchorage, for Appellant.

David W. Baranow, Law Offices of David W. Baranow, and Rhonda F. Butterfield, Anchorage, for Appellees.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

## I. INTRODUCTION

Bethel Wellness Associates, LLC (BWA–LLC) sued the Bethel Family Clinic (the Clinic) for breach of contract. The Clinic moved for summary judgment on the grounds that BWA–LLC was not a party to the contract. The superior court denied this motion and substituted the Bethel Wellness Associates (the BWA partnership) as the real party in interest under Alaska Civil Rule 17(a). The Clinic lost at trial and now appeals the denial of its summary judgment motion. We affirm the superior court's denial of summary judgment on the basis that real party in interest objections under Civil Rule 17(a) must be brought with reasonable promptness and the Clinic waited over four years before claiming that BWA–LLC was not the appropriate party to bring the lawsuit.

## II. FACTS AND PROCEEDINGS

In the early 1990s, Dr. Michael Moser, M.D., and Gay Petro, P.A., worked with the Clinic to provide health care in Bethel. By 1996 they had begun what was to be a prolonged and ultimately unsuccessful series of negotiations with the Clinic's board of directors to take over operation of the Clinic. At the outset Moser and Petro were planning to establish a business entity to operate the Clinic but had not yet decided on what form they would use. Petro and Moser formed the BWA partnership in 1996 and then incorporated the BWA–LLC on January 31, 1997. Petro and Moser were the only partners in the BWA partnership and the only stockholders and managing members of BWA–LLC.

By early 1998 the Clinic and the BWA partnership had signed an "Interim Operat-

ing Agreement." The purpose of the agreement was "to provide for the interim operation and management of the Clinic" during negotiations "for a long term agreement for the operation of the Clinic." The agreement, which was made retroactive to January 1, 1997, required the Clinic to pay the BWA partnership $5,000 per month for the management of the Clinic.

The negotiations between the Clinic and Petro and Moser eventually broke down. BWA–LLC brought an action against the Clinic on April 20, 2000. The complaint claimed that the Clinic had been negligent and had breached the Interim Operating Agreement by failing to compensate the plaintiff, even though the plaintiff had performed services as required by the agreement. The Clinic filed a counterclaim alleging, among other things, that the plaintiff failed to provide services as agreed and failed to bargain in good faith.

On June 9, 2004—over four years after the complaint was filed—the Clinic filed a motion for summary judgment and a motion to dismiss for failure to state a claim. The Clinic noted that the Interim Operating Agreement was between the Clinic and the BWA partnership. The Clinic argued that since the plaintiff in the case, BWA–LLC, was not a party to the agreement, it was not entitled to recover. Instead, it claimed, any claims should be brought by the contracting party.

The superior court denied the Clinic's motions. The court ruled that the motion was properly characterized as a real party in interest challenge under Civil Rule 17(a).[1] It denied the summary judgment motion on the basis that motions challenging whether a plaintiff is a real party in interest "should generally be raised with reasonable promptness, and [the Clinic] raised the issue years

---

1. Civil Rule 17(a) provides:

 Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the state so provides, an action for the use or benefit of another shall be

 brought in the name of the state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

after the original complaint was filed." The court then ordered that the BWA partnership and Moser and Petro be substituted as real parties for BWA–LLC.

A five-day jury trial took place in October 2005. The jury awarded the BWA partnership $120,000 on the claim. The total judgment, including prejudgment interest, costs, and attorney's fees, was $205,720.35. The superior court denied the Clinic's motion to alter or amend the judgment, to enter judgment notwithstanding the verdict, or to grant a new trial.

The Clinic appeals the superior court's denial of the motion for summary judgment and substitution of the BWA partnership as a real party in interest.

## III. DISCUSSION

 The question of whether to permit or require joinder of a real party in interest "rests in the sound discretion of the superior court."[2] The superior court also has "discretion to determine whether in the particular factual context of the litigation a waiver of the [real party in interest] objection has occurred."[3] An abuse of discretion occurs when this court is "left with a definite and firm conviction, after reviewing the whole record, that the trial court erred in its ruling."[4]

The superior court denied the Clinic's motion for summary judgment on the basis that Civil Rule 17(a) objections "should generally be raised with reasonable promptness, and [the Clinic] raised the issue years after the original complaint was filed."[5] There is widespread support for the assertion that a real party in interest objection is waived if it is not raised in a timely manner. In *Burns v. Anchorage Funeral Chapel* this court noted that "[s]ince a real party in interest objection is dilatory in nature, it should be raised with reasonable promptness."[6] Moore's Federal Practice also supports waiver of untimely objections:

> Because a real party defect should be evident at the commencement of the action, the defendant should present the issue in its pleadings or by an early motion. A timeliness requirement is also inherent in the portion of Rule 17 that requires that the court and the parties allow time after the objection for the joinder or substitution of the real party in interest. Therefore, the objection must be raised at a time when joinder is practical and convenient. If an objection is not timely made, it will be deemed to have been waived.[7]

 The superior court did not abuse its discretion in finding that the Clinic had waived any real party in interest objections by waiting too long to bring its objection. The complaint was filed in April 2000, and

---

**2.** *Fairbanks N. Star Borough v. Kandik Constr., Inc. & Assocs.*, 795 P.2d 793, 802 (Alaska 1990).

**3.** *Burns v. Anchorage Funeral Chapel*, 495 P.2d 70, 75 (Alaska 1972); 4 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 17.12[2][a] (3d ed. 1997) ("A determination of waiver is made on a case-by-case basis at the discretion of the court.").

**4.** *City of Kenai v. Friends of the Recreation Ctr., Inc.*, 129 P.3d 452, 455 (Alaska 2006) (quotations omitted).

**5.** Even though the Clinic did not mention Civil Rule 17(a) in its summary judgment motion, it was appropriate for the superior court to frame the issue as a real party in interest objection. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir.1997) (holding that even if the defendant did not style its motion to dismiss as a real party in interest objection, the district court should nonetheless have al-

lowed the plaintiff to add parties under Civil Rule 17(a) because "[t]he form of the ... contentions should not have been allowed to obscure their substance"); *Hembree v. Tinnin*, 807 F.Supp. 109, 110 (D.Kan.1992) (holding that even though the defendant's motion was "stylized as a motion for judgment on the pleadings and for summary judgment, [it was], in fact, a real party in interest challenge"). .

**6.** 495 P.2d at 75 n. 15.

**7.** MOORE ET AL., *supra* note 3, § 17.12[2][a]. Several federal courts have also held a real party in interest objection is waived if it is not brought with reasonable promptness. *See, e.g., United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 569 (8th Cir.1996); *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1431 (3d Cir.1994); *Whelan v. Abell*, 953 F.2d 663, 672 (D.C.Cir.1992); *Hefley v. Jones*, 687 F.2d 1383, 1388 (10th Cir.1982); *Nikimiha Sec. Ltd. v. Trend Group Ltd.*, 646 F.Supp. 1211, 1224 (E.D.Pa.1986).

the Clinic did not move for summary judgment until June 9, 2004. While it is true that in some cases it is not immediately obvious "that a party is not the real party in interest,"[8] in this case there is no indication that this was a problem. Any party defects should have been obvious to the Clinic from the beginning since BWA–LLC was clearly not a party to the Interim Operating Agreement.

 A trial court may base its determination that a real party in interest objection has been waived on the grounds of prejudice resulting from the delay.[9] The BWA partnership might have been prejudiced if the superior court had granted summary judgment since it arguably would have been barred from bringing the claim under the statute of limitations. But the Clinic has no plausible claim of prejudice as a result of the substitution. In *Fairbanks North Star Borough v. Kandik Construction, Inc. & Associates*, this court found that the superior court did not abuse its discretion by permitting a substitution under Civil Rule 17(a) because the defendant had notice of the party's claim and therefore "had the ability to prepare a defense."[10] Similarly, the Clinic had ample notice of the claim against it and had several years in which to prepare a defense.[11]

The Clinic argues that it was inappropriate for the superior court to allow a substitution of the BWA partnership as a real party in interest because the original error in naming BWA–LLC as the plaintiff was not the result of an honest and understandable mistake. While the Clinic is correct in arguing that a plaintiff generally should not be substituted as a real party in interest unless the original error was the result of an honest mistake, the Clinic waived this objection by waiting four years to raise it.[12]

## IV. CONCLUSION

We hold that the superior court did not abuse its discretion by finding that the Clinic had waived its objection due to untimeliness. We therefore AFFIRM the superior court's order denying summary judgment to the Clinic and substituting the BWA partnership as the real party in interest under Civil Rule 17(a).

**8.** *Burns*, 495 P.2d at 75 n. 15.

**9.** MOORE ET AL, *supra* note 3, § 17.12[2][a]; *see also, e.g., Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 45–46 (2d Cir.2005) (upholding the district court's finding that the defendant had not waived its real party in interest objection by waiting three years to raise it because the plaintiff suffered no prejudice as a result of the defendant's delay); *Allegheny*, 40 F.3d at 1431 (upholding the district court's finding that the defendant's real party in interest objection was waived due to untimeliness, since "the court may conclude that the point has been waived by the delay and exercise its discretion to deny motions on the ground of potential prejudice" (quotations omitted)); *Whelan*, 953 F.2d at 672 (holding that the district court abuses its discretion by allowing a real party in interest objection "as late as the start of the trial if the real party has been prejudiced by the defendant's laxness"); *Sun Ref. & Mktg. Co. v. Goldstein Oil Co.*, 801 F.2d 343, 344–45 (8th Cir.1986) (reversing a district court's judgment

in favor of the defendant on real party in interest grounds because the defendant's objection was untimely and the effect on the real party in interest was a forfeiture of the claim).

**10.** 795 P.2d 793, 802 (Alaska 1990).

**11.** The Clinic seems to argue that it suffered prejudice because if the superior court had not permitted the substitution, the BWA partnership would have been barred from bringing suit by the statute of limitations. But if the Clinic had made its objection in a timely manner, there would have been time to take corrective action before the statute of limitations deadline.

**12.** *See, e.g., Burns*, 495 P.2d at 76 n. 17 (quoting Federal Rule of Civil Procedure 17 advisory committee note of 1966). We do not suggest by relying on waiver that bringing the case in the name of the LLC rather than the partnership was not an honest mistake. The Clinic made the same mistake in its counterclaim, alleging that it was the LLC that breached, and thus was a party to, the Interim Operating Agreement.