Argued March 11, affirmed March 24, rehearing denied April 21, 1914.

# TURK *v*. BOTSFORD.*

(139 Pac. 925.)

**Fraud—Variance—Materiality.**

1. Under Section 97, L. O. L., providing that no variance shall be deemed material unless it have actually misled the adverse party, and that a party has been so misled must be proved to the satisfaction of the court, a finding that representations were made in reckless disregard of whether they were true or false is not a material variance from an allegation that defendant has positive knowledge of their falsity, especially where the defendant did not avail himself of the provisions of the latter part of the section referred to.

**Fraud—Elements—Matters of Opinion or Fact.**

2. Statements by defendant as to the conditions plaintiffs would find at the place where they were employed to manufacture railroad ties will not be regarded as mere matters of opinion, where the defendant had full knowledge of the conditions, of which plaintiffs were entirely ignorant.

> [As to action to recover for false representations, see note in 18 Am. St. Rep. 555. See, also, note in 20 Am. Dec. 626; 88 Am. Dec. 442.]

**Fraud—Waiver—Elements.**

3. Plaintiffs, employed to manufacture railroad ties at a certain place, did not waive their cause of action against the employer for misrepresentations as to the conditions where they were to work by accepting employment from an independent contractor at that point; the deduction of their earnings in that service from the amount of

---

*On the question whether expression of opinion constitutes fraud, see note in 35 L. R. A. 417.          Reporter.

their claim being referable merely to the duty of plaintiffs to mini-
mize damages as much as possible.

[As to what is contract for personal services within the rule
that damages for breach may be mitigated by earnings of em-
ployee in other employment, see note in Ann. Cas. 1914A, 810.]

From Multnomah: HENRY E. McGINN, Judge.

Department 2.    Statement by MR. JUSTICE BURNETT.

Complaining as partners, the plaintiffs, John Turk,
T. J. Hopkins, James McGlothlin and James W. Turk,
allege that the defendant, F. L. Botsford, representing
himself to be the agent of a certain corporation, em-
ployed them to go from Portland to Coos County, there
to manufacture railroad ties from timber located in
that county. The essence of their grievance is con-
tained in these allegations:

"That in order to induce said plaintiffs to enter upon
and undertake such employment, and in order to in-
duce them to go from Portland, Oregon, to or near
Bandon, Oregon, and cut, hew, and split such ties,
the said defendant represented and stated to the plain-
tiffs as follows: That they [the said plaintiffs] would
be immediately employed in tie camps near Bandon,
Oregon, hewing, cutting, splitting, and sawing timber
into ties; that the ties which they would make would
be from standing green timber; that they [the said
plaintiffs] would each be able to earn from $4 to $6
a day at such employment; that the said plaintiffs
would be employed, if they desired, until June or July,
1913; that their working conditions would be first-
class; that each and all of said statements and repre-
sentations were and are false and wholly untrue, and,
at the time of making same, defendant knew them to
be untrue, but plaintiffs, and each of them, believed
them to be true, and by making the said statements
and representations defendant intended to deceive
and did deceive the plaintiffs, to their damage as
hereinafter set forth."

In substance they further averred that, induced by
the representations of the defendant, they went from

Portland to Coos County, and worked diligently at the manufacture of ties for one week; that they were not permitted to use standing trees but were compelled to use fallen, burned-over timber, stumps and snags, which were few in number, covered with brush, and extremely difficult of access, all of which was very materially different from conditions represented to them by the defendant. They allege damages in loss of time in the sum of $216, and $106.80 traveling expenses, allow a deduction therefrom of what they earned in cutting ties, and demand judgment in the sum of $250.

In nearly all material particulars the answer traverses the complaint, and alleges in substance that the plaintiffs accepted the employment after they knew all the facts and conditions respecting the material out of which the ties were to be made, and that if any damage happened to the plaintiffs it was on account of their own negligence and carelessness.

The reply denied the affirmative matter in the answer. On a trial by the court without a jury, findings and a judgment thereon were made in favor of the plaintiffs for the full amount demanded. From this result the defendant appeals.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. C. L. Botsford.*

For respondent there was a brief over the name of *Messrs. Eastham & Murphy,* with an oral argument by *Mr. W. F. Eastham.*

MR. JUSTICE BURNETT delivered the opinion of the court.

After declaring that in fact the defendant made the representations substantially as stated in the complaint, the court made the following findings:

"That each and all of said representations and statements so made by said defendant were and are false and wholly untrue; that said defendant made said representations and statements carelessly and negligently and in reckless disregard of whether they were true or false; that each and all of said plaintiffs believed said statements so made by defendant to be true; that in making said statements and representations defendant intended to deceive and did deceive the plaintiffs, to their damage as hereinafter set forth."

1. The principal contention at the argument was that the finding that the representations were made in reckless disregard of whether they were true or false will not sustain the allegation that the defendant had positive knowledge of their falsity. It is laid down in Section 97, L. O. L., that "no variance between the allegation in a pleading and the proof shall be deemed material, unless it have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." The defendant's contention in this respect was made the basis of a motion for judgment of nonsuit, which was properly overruled when tested by this section.

2. The defendant himself on his own behalf testified that he had been in Coos County and was familiar with the timber there from which the ties were to be made. It also appears in the testimony that the plaintiffs knew nothing of the situation before going there, except what the defendant told them. The defendant further urges that the statements imputed to him were mere matters of opinion and not representations of facts. Peculiarly applicable to this kind of a case is the language of Mr. Justice SLATER in *Boelk* v. *Nolan*, 56 Or. 229, 237 (107 Pac. 689, 691):

"A matter of opinion may amount to an affirmation of fact, when the parties are not dealing upon equal

terms, and one of them has, or is presumed to have, means of information not equally open to the other.''

The plaintiffs had gone to the defendant seeking employment, and relied wholly upon his representations of the situation in a distant county where they had never been. It was his duty to inform them correctly about the conditions there.

Moreover, under all the circumstances of this case, the finding that the statements were recklessly made is not a material variance from the allegation that the defendant knew them to be false. If the defendant was actually misled to his hurt, he should have availed himself of the other provisions of Section 97, L. O. L., reading thus:

"Whenever it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court, and in what respect he has been misled; and thereupon the court may order the pleading to be amended upon such terms as shall be just."

No application of this kind was made to the trial court. Indeed, the defendant himself by his own testimony about his knowledge of conditions in Coos County would seem to have supplied the defect of which he complains.

3. The defendant also contends that the plaintiffs waived their cause of action, upon which they rely, by going to work after they saw the kind of timber furnished. This contention cannot avail the defendant for the reason that, without dispute, the testimony shows that the man to whom the defendant referred them as the local agent of the company informed the plaintiffs that he had no work for them, and sent them to a contractor who was engaged in making ties and for whom they labored as stated. Working for an independent contractor does not operate as a waiver of the tort alleged against the defendant, and their de-

duction of their earnings in that service, considered most favorably for defendant, are referable merely to the duty of a plaintiff to minimize his damages as much as possible.

It is fair to state that there was testimony on behalf of the defendant contradicting the statements of the plaintiffs as witnesses in their own behalf, but the case is not open to us to retry the question of fact. On the state of the record in this action at law, we can examine it only to ascertain if there was evidence tending to support the findings of fact which are equivalent to the verdict of a jury.

Based upon this proposition that there was such evidence, the judgment is affirmed.        AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE BEAN concur.