No. 10,496.

OTIS & COMPANY *v.* TEAL.

Decided December 3, 1923. Rehearing denied January 7, 1924.

Action for damages for fraud. Judgment for plaintiff.

*Affirmed.*

1.  FRAUD—*False Representations—Instructions—Measure of Damages.* In an action for damages for fraud growing out of mis-representations in the sale of oil stock, the giving of an instruction to the effect that the measure of damages is the difference between the amount paid for the stock and its actual value, held not to be error.

2.  APPEAL AND ERROR—*Variance.* Error, if any, growing out of a variance between allegations of a complaint and the proof, which does not effect the substantial rights of the parties, may be disregarded by the appellate court on review, under the provisions of section 439, Code of 1921.

*Error to the District Court of the City and County of Denver, Hon. Samuel W. Johnson, Judge.*

Messrs. LEWIS & GRANT, Mr. ROBERT L. STEARNS, for plaintiff in error.

Mr. GEORGE P. STEELE, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action for damages for fraud. The fraud complained of consisted of alleged false representations, in reliance on which plaintiff was induced to purchase stock in an oil corporation. There was a judgment for plaintiff, and defendant brings the case here.

The complaint alleged, among other things, and the plaintiff testified, that one Raymond Sargeant, a member of the defendant partnership, represented to him that the Boger Oil Corporation owned a large acreage of oil lands in the state of Texas; that the production was 3,000 barrels per day; and that the oil corporation owned a pipe line that was earning $30,000 a month.

The record sufficiently supports the conclusion that such representations were made, and that they were false. The representations were of such nature that the individual members of the defendant, a partnership, could have learned as to their truth or falsity. They were not advised by any one that the oil corporation owned a pipe line, or that it was earning money from a pipe line. The information which the defendant partnership possessed was not such as to justify the representations which, according to plaintiff's evidence, were made to plaintiff. There is evidence that the representations were recklessly made. We are unable to conclude that the evidence is not sufficient to support the verdict.

Objection is made to the court's instruction No. 11 on the ground that it is incomplete. The instruction is to the effect that the measure of damages is the difference between the amount paid and the actual value of the stock. It is claimed that the court improperly omitted to state that the actual value, above referred to, must be that existing at the time the representations were made or stock purchased.

This objection might be good if the stock had some value at the time of the trial. It was worthless. The assets of the oil corporation had been sold for less than the amount of its indebtedness, and the stockholders received nothing. Under plaintiff's evidence he had at no time an opportunity to realize on the stock or to turn it back to defendant and receive back any part of the money paid for it. The injury, therefore, equaled the amount paid for it, less the amount of a pretended dividend received. 12 R. C. L. 456, § 202. The instruction, as given, was fair to defendant. It did not authorize a verdict for a greater amount than that above indicated. There was no error in the instruction.

The complaint alleges that the representations were made with knowledge of their falsity. It is claimed that the proof does not show actual knowledge of the falsity, but that plaintiff relies on evidence of a reckless disregard as to the truth of the representations, and it is argued that this is a fatal variance. This variance, if such existed, was not such as affected the substantial rights of the parties. It was, therefore, such error or defect as this court may disregard, under section 439 of the Code of 1921. In *Turk v. Botsford,* 70 Or. 198, 139 Pac. 925, it was held that such a variance was not one, in that case, as actually misled the adverse party to his prejudice in maintaining his defense upon the merits. In our opinion the same situation exists here. The variance did not constitute reversible error.

The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.