## No. 12,764.

### HINER v. CASSIDY.
(18 P. [2d] 309)

Decided December 27, 1932.   Rehearing denied January 16, 1933.

Messrs. GRIFFITH & GRIFFITH, for plaintiff in error.

Messrs. GRANT, ELLIS, SHAFROTH & TOLL, Mr. JOSIAH G. HOLLAND, Mr. JAMES F. PINKNEY, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

A. W. HINER sued Elizabeth Cassidy. To reverse a judgment dismissing his suit, Hiner prosecutes this writ.

The Brendel-Brent Construction Company owed the plaintiff $1,000. The construction company, which was under contract to build an apartment house for the defendant, became insolvent and unable to complete the building, and the construction of the building was taken over by a bonding company. The plaintiff assigned his claim to the defendant, but it was never paid.

1. The plaintiff says that the defendant purchased the claim from him for $900, and agreed to pay him the purchase price upon his obtaining from the construction company an acknowledgment that the claim was a proper one, and that he obtained such acknowledgment. The defendant says that she did not purchase, or agree to purchase, the claim, but took the assignment for the sole purpose of assisting the plaintiff in collecting from the bonding company his claim against the construction company. There was evidence tending to support the plaintiff's contention, and there was evidence tending to support the contention of the defendant. On conflicting evidence, the trial court found the issues for the defendant.

When a case is tried without a jury, the trial judge is the judge of the credibility of the witnesses and

of the weight of the evidence, and also of the inferences properly deducible from the facts and circumstances in evidence. On review, the record is viewed in the light most favorable to the party successful in the trial court, and every inference fairly deducible from the evidence is drawn in favor of the judgment. *Roberts v. Dietz,* 88 Colo. 594, 298 Pac. 1062; *Carper v. Frost Oil Co.,* 72 Colo. 345, 211 Pac. 370; *Gwynn v. Butler,* 17 Colo. 114, 28 Pac. 466; *Reahard v. Miller,* 66 Colo. 80, 179 Pac. 157. See also *Bowen v. People,* 87 Colo. 38, 40, 284 Pac. 779.

An examination of the record satisfies us that we would not be justified in setting aside the findings of the trial court.

2. Counsel for the plaintiff say that the court erred in not awarding their client a new trial on the ground of surprise. They complain that the plaintiff was taken by surprise at the trial because of a variance between the defendant's pleading and her proof, in this, that she pleaded that she received the assignment of the claim for collection against the construction company, whereas she testified that she received it for collection against the bonding company.

There was no objection to the evidence on the ground of variance. If there had been, an amendment, no doubt, would have been allowed under section 84, Code of Civil Procedure. *Rice v. Franklin Loan & F. Co.,* 82 Colo. 163, 258 Pac. 223; *Perkins v. Russell,* 56 Colo. 120, 137 Pac. 907; *Tew v. Powar,* 37 Colo. 292, 86 Pac. 342; *Agnew v. Mathieson,* 26 Colo. App. 59, 140 Pac. 484; *Walker v. Green,* 23 Colo. App. 154, 128 Pac. 855. The averment had no proper place in the answer. It was not an affirmative plea—a pleading of new matter—but was merely an argumentative denial of allegations in the complaint. The variance did not affect the substantial rights of the plaintiff; hence, it cannot be made the ground for a reversal. Code of Civil Procedure, §§84, 439; *Otis & Co. v. Teal,* 74 Colo. 336, 221 Pac. 884.

For the reasons stated, this assignment is without merit.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.