Eugene E. SAXTON, Appellant,

v.

Allan J. HARRIS and Billie Jean Harris,
Appellees.

No. 440.

Supreme Court of Alaska.

Sept. 8, 1964.

Joe P. Josephson, Anchorage, for appellant.

J. Gerald Williams, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

A jury awarded $10,000 to appellees who had claimed that they were fraudulently induced by appellant to invest $10,000 in a Kentucky oil lease. Appellant's first point on this appeal is that the trial court erred in instructing the jury on the question of burden of proof.

The court gave the jury two instructions on burden of proof. Instruction No. 3 told the jury that the party asserting the affirmative of an issue must prove it by a preponderance of the evidence. Instruction No. 3A stated that in actions for fraud each element of the fraud must be proved by evidence that is clear and convincing. Appellant contends that instruction No. 3 was erroneous, and that the error was not cured by giving what he contends was the correct instruction, No. 3A, because the two instructions presented inconsistent concepts and could not be reconciled.

■ There was no error in giving instruction No. 3. No more than a preponderance of evidence is necessary to establish fraud.[1] Clear and convincing proof is not required.

■ We agree, however, that the two instructions are inconsistent. Where one has the burden of proving asserted facts by a preponderance of the evidence, he must induce a belief in the minds of the jurors that the asserted facts are probably true. If clear and convincing proof is required, there must be induced a belief that the truth of the asserted facts is highly probable.[2] The inconsistency in the instructions on burden of proof is apparent. Only instruction No. 3 ought to have been given.

■ The inconsistency was compounded by instruction No. 15 where the two concepts of different degrees of proof were united in a single instruction. The combination of the three instructions, containing inconsistent concepts, was improper and may have been confusing to the jury. But appellant can claim no error from the confusion because he invited it. Instruction No. 15, which in effect combines instructions 3 and 3A, was given at appellant's request. True, appellant objected to the inconsistency in instruction No. 15. But upon being reminded by the court that

1. Bell v. Graham, 105 Cal.App.2d 765, 234 P.2d 158, 159 (1951); Holder v. Smith, 122 Ind.App. 371, 105 N.E.2d 177, 180 (1952).

2. See Waks v. State, 375 P.2d 136, 138 (Alaska 1962).

it was his own instruction, appellant withdrew his objection.

 Appellant also contends that the court erred in refusing to give two of appellant's proposed instructions. We shall not review this contention because the matter was not properly presented in the trial court.

Civil Rule 51(a) provides:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

The purpose of this rule is to enable the trial judge to avoid error by affording him an opportunity to correct his charge before it goes to the jury. The dictates of the rule are satisfied only if the judge is clearly made aware of the alleged error in or omission from the instructions. Counsel's objections must be specific enough to clearly bring into focus the precise nature of the asserted error.[3] Here, all that counsel said was: "I have no other exceptions except as to the failure to give defendant's proposed instruction number 4, and defendant's proposed instruction number 6." Such a general objection does not satisfy the requirement of Civil Rule 51(a).[4]

Appellant's next point is that the trial court erred in refusing to grant his motions for a directed verdict and for judgment notwithstanding the verdict. In particular, he contends that the evidence was insufficient to prove that his assurances to appellees that appellant's father did not own the lease was a material misrepresentation made with intent to deceive.

 The court was correct in denying appellant's motions if fair minded men in the exercise of reasonable judgment could differ on the question of the alleged fraud.[5] The record shows that before investing in the oil lease appellees expressed misgivings about the possibility of appellant's father being financially involved in the lease, because of appellees' knowledge of the father's previous financial difficulties. Appellant then assured appellees, as he did other investors, that he and not his father owned the lease. Appellant's statement as to ownership was not true, as it was undisputed that his father owned the lease. From this state of the evidence reasonable men could find that appellees would not have invested had they known that appellant's father owned the lease, and that appellant, knowing this, intentionally deceived appellees so as to induce them to make the investment. The evidence was sufficient to justify submitting to the jury the question of whether appellant had made a material misrepresentation with intent to deceive.

 Appellant argues that there was insufficient proof that the fraud was the cause of damage to appellees. We disagree. There was proof that appellees were deceived into investing. In such a case the measure of damage is the loss of the investment less any value accruing to appellees from it.[6] As appellees had realized nothing from their investment, the award of $10,000 was proper.

 Appellant contends that the court erred in admitting evidence of his offer to reimburse appellees the full amount of their investment. Appellant's point is that this was an offer of compromise made during settlement negotiations and was therefore inadmissible.

3. Mitchell v. Knight, Opinion No. 241, 394 P.2d 892 (Alaska 1964).

4. Sears v. Southern Pacific Co., 313 F.2d 498, 505 (9th Cir. 1963).

5. Snipes v. March, 378 P.2d 827, 828 (Alaska 1963); McCoy v. Alaska Brick Co., 389 P.2d 1009, 1010 (Alaska 1964).

6. Restatement, Torts § 549 (1938); Glock v. Carpenter, 184 F.Supp. 829, 834–835 (E.D.Kentucky 1960), Aff'd, Carpenter v. Glock, 286 F.2d 431 (6th Cir.), cert. denied, 366 U.S. 930, 81 S.Ct. 1651, 6 L.Ed. 2d 389 (1961); Otis & Co. v. Teal, 74 Colo. 336, 221 Pac. 884, 885 (1923).

It is true that appellant's offer to repay took place during settlement negotiations. But the offer was not conditioned upon any compromise. It was an unconditional acknowledgment of liability and admissible as such.[7]

The judgment is affirmed.

---

7. Factor v. Commissioner, 281 F.2d 100, 125–127 (9th Cir. 1960), cert. denied, 364 U.S. 933, 81 S.Ct. 380, 5 L.Ed.2d 365 (1961).