Onita J. BROWN, widow of Russel L. Brown, Appellant,

v.

ESTATE of Don E. JONZ, Deceased, Appellee.

ESTATE of Don E. JONZ, Deceased, Cross-Appellant,

v.

Onita J. BROWN, widow of Russel L. Brown, Cross-Appellee.

Nos. 3216, 3228.

Supreme Court of Alaska.

March 2, 1979.

Steven Hillard and Allen McGrath of Graham & James, Anchorage, for appellant and cross-appellee.

Sanford M. Gibbs of Hagan, Smith, Brown, Erwin & Gibbs, Anchorage, for appellee and cross-appellant.

OPINION

Before BOOCHEVER, C. J., BURKE, Justice, and KALAMARIDES, Judge.

BURKE, Justice.

In 1972 an airplane flown by Don E. Jonz disappeared on a flight from Anchorage to Juneau. The body of Russel L. Brown, a passenger on the plane, was never found, and he was declared dead at a presumptive death hearing.

Onita Brown, Russel Brown's widow, filed a wrongful death action against the estate of Jonz on behalf of herself; Marie

Nicole Brown, her child by Russel Brown; and three of the children from Mrs. Brown's first marriage, hereinafter the McDaniel children, who lived with Mr. and Mrs. Brown and who were supported by Mr. Brown. This action was filed under the Alaska Wrongful Death Act, AS 09.55.580.

Mrs. Brown appeals from the superior court's entry of judgment, following a jury verdict in her favor in the amount of $68,-000, and from the superior court's denial of her motion for a new trial on the issue of damages. The Jonz estate has filed a cross-appeal.

■ The trial court ruled that the non-adopted McDaniel stepchildren could not recover because (1) non-adopted stepchildren were not "children" within the meaning of AS 09.55.580(a) and (2) dependents could not recover under AS 09.55.580(a) when either the decedent's spouse or natural child survived.[1] Mrs. Brown argues that the trial court committed reversible error in each determination and that the ruling excluding the McDaniel children from the coverage of the statute constituted a denial of equal protection and due process under the state and federal constitutions. The Jonz estate, in addition to opposing these arguments on the merits, also contends that the issues presented by Mrs. Brown on appeal are not properly before this court. We agree and therefore do not reach the substantive issues raised by appellant.

The trial court instructed the jury that "[t]he word heir of decedent Russel Brown as used in these instructions refers to Onita J. Brown, his widow, and Marie Nichole Brown, his daughter." Mrs. Brown did not object to the exclusion of the McDaniel children from the definition of "heirs" in this instruction, nor did she offer other instructions on that issue.

Civil Rule 51(a) provides in pertinent part: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." In previous cases we have required compliance with this rule except where plain error has occurred. In *Haskins v. Shelden*, 558 P.2d 487, 492 (Alaska 1976), we said:

> Civil Rule 51(a) requires a party who wishes to assign error to a jury instruction to make an objection to the instruction at trial. A party who fails to so object is not entitled to review of an instruction unless it appears that giving the challenged instruction was plain error such that a miscarriage of justice would occur if the instruction was not reviewed. [Footnotes omitted.]

*See also Gregory v. Padilla*, 379 P.2d 951, 955 (Alaska 1963); *Reiten v. Hendricks*, 370 P.2d 166, 169 (Alaska 1962).

Mrs. Brown argues, however, that we should consider her points on the theory that strict compliance with Rule 51(a) is not required as long as the court understood the party's position. It is clear from the record that the superior court understood appellant's position on this issue. During a discussion of the proposed instructions, the court discussed at length the legal issue of whether stepchildren may recover under

---

1. AS 09.55.580(a), the clause at issue in this case, provides:

> When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. The action shall be commenced within two years after the death, and the damages therein shall be such damages as the court or jury may consider fair and just, and the amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife or children, him or her surviving, or other dependents. When the decedent leaves no husband, wife or children surviving him or her or other dependents, the amount recovered shall be administered as other personal property of the deceased person but shall be limited to pecuniary loss. When the plaintiff prevails, the trial court shall determine the allowable costs and expenses of the action and may, in its discretion, require notice and hearing thereon. The amount recovered shall be distributed only after payment of all costs and expenses of suit and debts and expenses of administration.

the wrongful death act, either as "children" or as "dependents." The issue was discussed again at the hearing on appellant's motion for a new trial. There is some support for appellant's position. Moore, for example, in commenting on Rule 51(a) of the Federal Rules of Civil Procedure, which is virtually identical to the Alaska rule, says:

> The Rule does not require formality, and it is not important in what form an objection is made *or even that a formal objection is made at all,* as long as it is clear that the trial judge understood the party's position; the purpose of the Rule is to inform the trial judge of possible errors so that he may have an opportunity to correct them.

5A Moore's Federal Practice, § 51.04 at 2521 (1977) (emphasis added). As indicated in our previous decisions, however, we believe that something more is required than that the trial judge "understand."

For example, in *Saxton v. Harris,* 395 P.2d 71 (Alaska 1964), appellant had proposed instructions and had stated a general objection to the court's refusal to give the requested instructions, but we nevertheless held that the requirements of Rule 51(a) had not been satisfied. In that case we said:

> The purpose of [Rule 51(a)] is to enable the trial judge to avoid error by affording him an opportunity to correct his charge before it goes to the jury. The dictates of the rule are satisfied only if the judge is clearly made aware of the alleged error in or omission from the instructions. Counsel's objections must be specific enough to clearly bring into focus the precise nature of the asserted error.

395 P.2d at 73 (footnote omitted). In the more recent case of *Girves v. Kenai Peninsula Borough,* 536 P.2d 1221 (Alaska 1975), we applied Rule 51(a) somewhat less strictly. In *Girves* we considered appellant's point on appeal, although at trial appellant had not specified her grounds for objecting to the court's refusal to give a requested instruction. Appellant, however, had submitted a proposed instruction, had objected to the court's refusal to give that instruction, and, before the court made its decision on the instruction, appellant had argued her position "at length." Under those circumstances, we did not require that the grounds be restated when the objection was made. 536 P.2d at 1223.

Despite the slightly less stringent view of Rule 51(a) expressed in *Girves,* however, we believe that, in order to satisfy the requirements of Rule 51(a), counsel should make a specific objection to a given instruction, even if he has previously argued his position to the court. The trial court needs an identifiable opportunity to rule on a party's position. Appellant in this case made no objection relating to the exclusion of the McDaniel children, although the trial court asked, in reference to Instruction 35, "Do you have any objection to that instruction?"[2] Appellant originally submitted sixteen proposed instructions and later submitted two "supplemental proposed jury instructions," but none of these instructions dealt with the issue appellant seeks to raise in this appeal. Appellant's only explicit attempt to preserve the issue for appeal occurred at the hearing on appellant's motion for a new trial,[3] which did not take place until a month after the end of the

---

2. Appellant did make one objection to the instruction but the objection was to the designation of Russel Brown's child by a previous marriage as an "heir," not to the exclusion of the McDaniel children. Following the objection, the court did delete the reference to Brown's other child.

3. At that hearing the following exchange took place:

> MR. HART [attorney for Mrs. Brown]: Just a moment, Your Honor. Really, for the record, I do want to make it clear that our position is essentially as I believe the court understood it on that whole thing about the instructions and who are dependents and everything like that. I think—I believe Mr. Hagans is wrong when he says that the statute says and dependents. As I recall it said or dependents, and that was really the basis for the court's reading, I took it to be a decision on the law having made our position clear it became the law of the case.
>
> THE COURT: That would be my feeling as well, Mr. Hart.

trial. An objection at that point does not satisfy the requirements of Rule 51(a), which requires that an objection be made "before the jury retires to consider its verdict . . . ." The requirement that counsel object in order to preserve the issue of erroneous instructions for appeal is consistent with our previous decisions. *See, e. g., City of Nome v. Ailak*, 570 P.2d 162, 171 (Alaska 1977); *McLinn v. Kodiak Electric Association, Inc.*, 546 P.2d 1305, 1311 n. 15 (Alaska 1976); *Spruce Equipment Co. v. Maloney*, 527 P.2d 1295, 1301 (Alaska 1974); *Saxton v. Harris*, 395 P.2d 71, 73 (Alaska 1964).

Except for cases in which we found plain error, we have located only two cases in which we agreed to consider appellant's allegation of error in the giving of instructions despite appellant's failure to make a specific objection to the instructions. In *Breitkreutz v. Baker*, 514 P.2d 17, 24 (Alaska 1973), the trial court had given plaintiff an "automatic exception" to all instructions requested but not given. This effectively prevented plaintiff from making a specific objection and stating the grounds for his objection as required by rule,[4] and in that situation we granted relief from the strict requirements of the rule under the authority of Appellate Rule 46,[5] "since it was reasonable for plaintiff not to make specific objections at trial to this instruction" in light of the court's statement regarding

"automatic exceptions." 514 P.2d at 24. Similarly, in *City of Nome v. Ailak*, 570 P.2d 162, 166 (Alaska 1977), we considered the propriety of instructions which were not specifically objected to below because the court had granted a "blanket exception." The case before us is clearly distinguishable from *Breitkreutz* and *Ailak* in that the court below, rather than prohibiting specific objections, explicitly invited them.[6] We therefore find that appellant did not comply with Rule 51(a).

■ Although appellant made no objection at trial, we could still consider her contention, if the instruction given constituted plain error. *City of Nome v. Ailak*, 570 P.2d 162, 171 (Alaska 1977); *Merrill v. Faltin*, 430 P.2d 913, 917 (Alaska 1967). Because of the lack of precision in the language of the Wrongful Death Act, AS 09.-55.580,[7] the status of stepchildren as potential beneficiaries is not clear, but we do not find that the superior court's ruling excluding the McDaniel children from recovery was plainly erroneous, and therefore we do not review the court's instruction on this issue.[8]

In its cross-appeal the Jonz estate raised the issue of whether the trial court erred in prohibiting any reference at trial to Onita Brown's remarriage,[9] asking that disclosure of the remarriage be permitted in case of a

---

4. In *Breitkreutz* the applicable rule was Supreme Court Rule 11(a)(6), the predecessor of current Civil Rule 51(a), which provided in part: "When the error alleged is to the charge of the court, the specification shall set out the part referred to verbatim, whether it be an instruction given or in instructions refused, together with the grounds of objection urged at the trial."

5. Appellate Rule 46 (at the time of the *Breitkreutz* decision, Appellate Rule 45) provides: "These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by this court where a strict adherence to them will work surprise or injustice."

6. In addition to asking explicitly whether appellant had objections to the instructions, the trial court had previously invited appellant to brief the issue of whether stepchildren could recover under the Wrongful Death Act. Appellant sub-

mitted no brief to the trial court in response to that request. The trial court might therefore have concluded that appellant had abandoned the issue. *See University of Alaska v. Simpson Bldg. Supply Co.*, 530 P.2d 1317, 1323 n. 20 (Alaska 1975).

7. *See* text of AS 09.55.580(a) in note 1 *supra*.

8. In declining to review this issue, it is not our intention to imply either agreement or disagreement with the superior court's construction of the Alaska Wrongful Death Act.

9. Following Russel Brown's death, Onita Brown married Miles Kullberg. The superior court granted Mrs. Brown's motion for a protective order prohibiting any mention of her remarriage during voir dire of the jury, opening statements and examination of witnesses.

new trial. Since we have not ordered a new trial, we do not reach this issue.

The judgment is AFFIRMED.

RABINOWITZ, CONNOR and MATTHEWS, JJ., not participating.

BOOCHEVER, Chief Justice, dissenting.

I believe that it was plain error not to instruct that the stepchildren of Russel Brown, who were completely dependent upon him at the time of his death, were "other dependents," and that under AS 09.-55.580(a),[1] other dependents are to be included with the husband, wife or children. I can see no other reasonable reading of the statute.

There is some slight room for ambiguity in the sentence which states that "the amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children, him or her surviving, or other dependents." It is contended that the category "or other dependents" comes into effect only if no husband, wife or children survive. Such an intent could easily have been expressed had the legislature so desired by stating that the amount recovered be "exclusively for husband, wife or children, him or her surviving, but if no such husband, wife or child survives, then to other dependents."[2] Not only could such a tiered system of beneficiaries be expressed much more explicitly, had it been the legislature's intent, but the sentence in the statute, immediately following the first reference to "other dependents," clearly indicates that "other dependents" are to be treated in the same manner as the husband, wife and children. That sentence states:

When the decedent leaves no husband, wife or children surviving him or her or other dependents, the amount recovered shall be administered as other personal property of the deceased person but shall be limited to pecuniary loss.

The statute establishes a dichotomy between, on the one hand, situations where a decedent leaves a husband, wife, children or other dependents, and, on the other hand, situations where there are no survivors in those categories.

Each of the stepchildren claimants lived at the home of the decedent, received sole support from him, and looked to him for fatherly love and affection. Like the "spouse" and the other "child" of Russel Brown, they will suffer financial and emotional loss. We defined the purpose of this portion of the statute in *In re Estate of Pushruk*, 562 P.2d 329, 331 (Alaska 1977), as follows:

In 1960, the statute was amended to its present form. At that time, the legislature added "other dependents" to the class of statutory beneficiaries. Considering the history and purposes of the statute, this amendment appears designed to protect the interest of those who, like children and spouses, will suffer financial loss. The term "dependent" provides for all such persons without creating either an excessively narrow or an overbroad classification. Thus, dependency is a question of fact. [footnote omitted]

It is not disputed that the stepchildren were dependent.

1. The majority at note 1 sets out the full text of this statute.

2. Prior versions of Alaska's wrongful death statute indicate the legislature's ability to express clearly a tiered approach to beneficiaries:

    *Action for Wrongful Death: Disposition of Amount Recovered.* When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefore against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. . . . [T]he amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife, or children, him or her surviving; *or leaving no husband, wife or children surviving then and in that event, for the benefit per capita of the child or children of the decedent's child or children, if any, and the surviving parent or parents of the decedent.* [emphasis added]
    Ch. 153, § 1, SLA 1955, amending § 61–7–3 ACLA 1949 (current statute at AS 09.55.580). *See generally* Ingraham, *Damages for Wrongful Death in Alaska,* 4 Alaska L.J. 113 (1966).

The majority relies on what appears to me to be an overly technical application of Civil Rule 51(a), and thus avoids confronting the issue of statutory construction. It seems questionable as to whether there was even a technical failure to object to the instruction excluding the stepchildren from consideration as "heirs." The following exchange indicates that the position of the claimants had been made clear by counsel and was expressly understood by the court:

> THE COURT: Well, the only—Mr. Hart's position originally was that the stepchildren were for intents and purposes identical to natural children for purposes of the statute.
>
> MR. HAGANS: Right.
>
> THE COURT: That was his position as I announced in the opening statement and that was his position throughout the case. During the course of the case, I asked for briefing on the issue, pointed out that I was a little concerned that the language of the statute would include stepchildren but only to the extent that there were no natural children and that to the extent there were natural children indicated that the award must be exclusively for their benefit and that of the surviving spouse. And the issue was kind of dropped there. The instructions, of course, were prepared on the basis of my interpretation of the law and my assumption as to evidence that would come in . . . . . [T]hat was my understanding of the respecting [sic] positions of the parties.[3]
>
> .        .        .        .        .
>
> MR. HART: Just a moment, Your Honor. Really, for the record, I do want to make it clear that our position is essentially as I believe the court understood it on the

whole thing about the instructions and who are the dependents and everything like that. I think—I believe Mr. Hagans is wrong when he says that the statute says and dependents. As I recall it said or dependents, and that was really the basis for the court's reading. I took it to be a decision on the law having made our position clear it became the law of the case.

> THE COURT: That would be my feeling as well, Mr. Hart.

Thus, not only had the issue been brought to the attention of the court, but the court decided the issue and agreed that its decision on that point had become the law of the case. It is difficult to understand what could have been accomplished by any further objection.[4]

Here, much of the case centered around who would recover and the means of assessing damages under AS 09.55.580(a). It seems to me that if there was a technical violation of Rule 51(a), this is an appropriate situation for invoking the plain error rule.

In *Holiday Inns of America, Inc. v. Peck,* 520 P.2d 87, 90 & n. 7 (Alaska 1974), we stated:

> [W]e have also recognized that if the alleged error is "plain error" that is likely to result in a miscarriage of justice, we will consider such error even though not raised below. *Merrill v. Faltin,* 430 P.2d 913, 917 (Alaska 1976); *Gregory v. Padilla,* 379 P.2d 951, 955 (Alaska 1973); *Reiten v. Hendricks,* 370 P.2d 166, 169 (Alaska 1962). *See Malvo v. J. C. Penney,* 512 P.2d 575, 584 (Alaska 1973). [footnote integrated into text]

---

3. This discussion occurred at the hearing on the plaintiff's motion for a new trial on the issue of damages. It refers to an earlier, apparently off-the-record, discussion of the proper construction of the statutory term "other dependents."

4. Objection is required to give the trial court an opportunity to correct the alleged error. *Rank v. State,* 373 P.2d 734, 738 (Alaska 1962); *State v. Avent,* 209 Or. 181, 302 P.2d 549, 550 (1956); 5A Moore's Federal Practice § 51.04 at 2521

(1977). The purpose of Rule 51(a) is to obtain a ruling by the trial court and thereby permit appellate review of the issue. *E. g., Dimmick v. State,* 449 P.2d 774, 776 (Alaska 1969) (analyzing equivalent criminal rule). In this case, the trial court ruled on the construction of "other dependents," and the record gives the court's rationale for the ruling. As the highest appellate court in the state, I think we ought to review the correctness of that ruling.

When the essence of the action is the amount of damages to be awarded in a wrongful death case and the manner of distribution of those damages, it seems to me that the failure to instruct that the dependent children were entitled to recover results in a miscarriage of justice.

In summary, I believe that an adequate objection was made to the proposed instruction to accomplish the purpose of Rule 51(a). To hold otherwise, in my opinion, places form above substance. If the objection is not considered adequate, I would treat the matter as plain error.

In either event, I would remand for a new trial.