5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re David J. MAY; Laura A. May, Debtors.
David J. MAY, Appellant,
v.
Garnett U. MORROW; Marya I. Morrow, Appellees.
 No. 92-36986.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1993.*
Decided Sept. 1, 1993.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, BAP No. AK-91-1145; Judges Ashland, Jones and Volinn, Presiding.
 Bkrtcy App 9
 AFFIRMED.
 Before: SCHROEDER, FLETCHER, and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In 1985, Garnett and Marya Morrow purchased a landscaping business from appellant, and Chapter 7 debtor, David May. The purchase price was $120,000, representing $104,000 for equipment and machinery, $3,000 for contracts, $12,000 for a non-competition agreement, and $1,000 for the business name. At the time of the sale, May permitted the Morrows to rely upon a financial statement that failed to disclose that the equipment and machinery were subject to a perfected lien in favor of the Small Business Administration in the amount of $120,000 and that the business had at least $30,000 in additional debt.
 
 
 3
 The Morrows filed a state court fraud action against May. While that action was pending, May filed a Chapter 7 bankruptcy petition, and so proceedings on the Morrows' claim went forward in the bankruptcy court. The bankruptcy court found that May's debt to the Morrows was non-dischargeable on account of fraud, and concluded that the Morrows were entitled to damages in the amount of $168,885. The damages included the original $120,000 payment for a valueless business, $45,000 debt the Morrows incurred in operating the business, and an additional $3,885 they paid to satisfy one of May's prior debts.
 
 
 4
 May appealed to the BAP, which affirmed, and now appeals the issue of damages to this court. Alaska law applies.
 
 
 5
 The bankruptcy court based its calculation of damages on section 549 of the Restatement (Second) of Torts for cases involving fraudulent misrepresentation. That section provides:
 
 
 6
 (1) The recipient of a fraudulent misrepresentation is entitled to recover as damages in an action of deceit against the maker the pecuniary loss to him of which the misrepresentation is a legal cause, including
 
 
 7
 (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and
 
 
 8
 (b) pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the misrepresentation.
 
 
 9
 (2) The recipient of a fraudulent misrepresentation in a business transaction is also entitled to recover additional damages sufficient to give him the benefit of his contract with the maker, if these damages are proved with reasonable certainty.
 
 
 10
 Restatement (Second) of Torts Sec. 549 (1977).
 
 
 11
 The Alaska Supreme Court has applied section 549 in awarding damages for fraudulent misrepresentation and held that where investors are deceived into investing in an enterprise, the proper measure of damages is the loss of the investment less any value accruing to the investors from the investment. See Saxton v. Harris, 395 P.2d 71, 73 (Alaska 1964).
 
 
 12
 The Alaska Supreme Court also has applied the restitution measure as the general measure of damages in misrepresentation actions. See Turnbull v. LaRose, 702 P.2d 1331, 1336 (Alaska 1985). Like the formulation of the Restatement, the restitution measure of damages "entitles the plaintiff to recover the difference between the value of what he has parted with and the value of what he has received in the transaction." See id. Additionally, "a plaintiff in [a misrepresentation] action is permitted to recover such special or consequential damages as he can prove with reasonable certainty." Id.; see also Alaska Ins. Co. v. Movin' On Constr., Inc., 718 P.2d 472, 474 (Alaska 1986).
 
 
 13
 May argues that because the Morrows received a group of assets from May, the amount of damages should be reduced by the fair rental value of these assets. The record, however, demonstrates that the Morrows paid $120,000 for the entire landscaping business, not just its assets. Because of the outstanding liens, the assets had no value, and it is undisputed that the business generated no income while the Morrows owned it. Over the course of their ownership, the Morrows thus did not benefit from the ownership of the business and received nothing of value for their purchase price. Under section 549(1)(a), the bankruptcy court correctly concluded that the difference between the purchase price and the value received by the Morrows was $120,000. See Turnbull, 702 P.2d at 1336; Saxton, 395 P.2d at 73.
 
 
 14
 May argues that the $45,000 the Morrows used to fund business operations over the course of their ownership should not be included as damages because the Morrows could have chosen not to borrow that amount. The relevant point, however, is that the Morrows incurred the obligation as a direct consequence of their reliance on May's representations when the Morrows purchased the business. Thus the bankruptcy court properly awarded the Morrows this amount as a consequential damage under section 549(1)(b). See Turnbull, 702 P.2d at 1336; see also Alaska Ins. Co., 718 P.2d at 474.
 
 
 15
 May contends that the amount of the $3,885 debt, paid by the Morrows to the construction company to satisfy a debt of the business incurred prior to the sale, should not have been included in damages. The evidence in the record shows that the debt was one which the Morrows were obligated to pay as the owners of the business, and there is no contrary evidence to refute the Morrows' testimony in that regard. This amount was therefore also properly awarded as consequential damages.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3