STATE of Alaska, Appellant,

v.

Abidin ZECIRI, Appellee.

No. A–7712.

Court of Appeals of Alaska.

March 29, 2002.

Rehearing Denied April 11, 2002.

John A. Scukanec, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Scott A. Sterling, Sterling & DeArmond, P.C., Wasilla, for Appellee.

Before: COATS, Chief Judge, STEWART, Judge, and WOLVERTON, Superior Court Judge.*

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

## OPINION

STEWART, Judge.

The superior court granted Abidin Zeciri's application for post-conviction relief. However, it is not clear from the court's order that the court applied the correct burden of proof. Additionally, the order does not adequately address the elements of a claim of ineffective assistance of counsel to allow this court to review the superior court's decision on appeal. Accordingly, we vacate the superior court's order and remand the case for further proceedings.

### A summary of the proceedings to date

In 1985, a jury convicted Zeciri of the first-degree murder[1] of his wife, Safije Zeciri. We affirmed his conviction on direct appeal.[2]

In October of 1994, Zeciri filed an application for post-conviction relief. Included in Zeciri's claims were his allegations that his trial counsel provided ineffective assistance by not using an interpreter (Zeciri's first language is Albanian), and that his trial counsel denied him the right to testify. The superior court summarily denied the application for failing to plead a prima facie case. Zeciri appealed.

We reversed the superior court because we concluded that a hearing was required on Zeciri's claim that he had been denied the right to testify and on his interrelated claim that his trial counsel provided ineffective assistance by failing to use a translator.[3]

The superior court conducted an evidentiary hearing on the application and recessed the hearing without issuing any findings. Later, after the parties submitted proposed findings, the court issued an order granting post-conviction relief. The court concluded that Zeciri had established a claim of ineffec-

tive assistance of counsel "based upon the failure of counsel to utilize a translator or interpreter before and during Mr. Zeciri's trial."

### The burden of proof

■ Alaska Statute 12.72.040 and Alaska Criminal Rule 35.1(g) provide that an applicant bears the burden of proving all factual assertions by clear and convincing evidence.

■ The superior court's order does not directly state the standard of proof applied. However, in the one part of the superior court's order the court found that Zeciri "*more likely than not* misunderstood the nature of the state's case and evidence against him[.]" (emphasis added). The highlighted language applies the civil standard for preponderance of the evidence, that an asserted proposition is probably true.[4] But to meet the clear and convincing evidence standard, the proponent must "produce[ ] in the trier of fact a firm belief or conviction about the existence of a fact to be proved."[5] Because we cannot confirm that the superior court applied the correct burden of proof when it entered its findings, we vacate the court's order and remand the case to allow the superior court to enter findings under the clear and convincing evidence standard.

### The elements of a claim of ineffective assistance of counsel

In *Risher v. State*,[6] the supreme court announced a two-prong test to determine whether a client has been denied effective assistance of counsel:

> Before reversal will result, there must first be a finding that counsel's conduct either generally throughout the trial or in one or more specific instances did not conform to the standard of competence which we have

1. AS 11.41.100(a)(1).

2. See *Zeciri v. State*, 779 P.2d 795, 801 (Alaska App.1989).

3. See *Zeciri v. State*, Memorandum Opinion and Judgment No. 3708, at 4 (Alaska App., November 26, 1997).

4. See *Saxton v. Harris*, 395 P.2d 71, 72 (Alaska 1964); Alaska Civil Pattern Jury Instruction

§ 2.04 (defining preponderance of the evidence as follows: "Something is more likely than not true if you believe that the chance that it is true is even the slightest bit greater than the chance that it is not true.").

5. *Buster v. Gale*, 866 P.2d 837, 844 (Alaska 1994) (quoting *Castellano v. Bitkower*, 216 Neb. 806, 346 N.W.2d 249, 253 (1984)).

6. 523 P.2d 421 (Alaska 1974).

enunciated. Secondly, there must be a showing that the lack of competency contributed to the conviction. If the first burden has been met, all that is required additionally is to create a reasonable doubt that the incompetence contributed to the outcome.[7]

The court defined the standard of competence as follows:

> Lawyers may display a wide spectrum of ability and still have their performance fall within the range of competence displayed by one of ordinary training and skill in the criminal law. It is only when the ability is below the nadir of that range that we would hold it to constitute a deprivation of effective assistance of counsel. We are not condoning the second-guessing of trial counsel in making the myriad decisions encountered in a criminal trial, for it is a truism that hindsight furnishes 20–20 vision. All that is required of counsel is that his decisions, when viewed in the framework of trial pressures, be within the range of reasonable actions which might have been taken by an attorney skilled in the criminal law, regardless of the outcome of such decisions.[8]

In addition, an applicant bears the burden to rebut the strong presumption that counsel's actions were the product of "sound tactical considerations."[9]

■ A court evaluating a claim of incompetence of counsel must compare the performance of trial counsel with this standard of competence; that is, the range of reasonable actions which might be taken by an attorney with ordinary training and skill in the criminal law.[10] Whether an attorney has provided effective assistance is not always self-evident and, like the civil analogue of legal malpractice, frequently presents a question that requires expert testimony to establish the standard of care.[11]

■ But the order in question here lacks any discussion or findings on the range of reasonable actions that might be taken by an attorney skilled in criminal law when representing a client whose first language is not English. Nor are there any specific findings that address how Zeciri's trial attorney failed to meet this standard of care by falling "below the nadir" of the range of competence displayed by an attorney with ordinary training and skill in the criminal law. Furthermore, the order lacks any findings that delineate which facts rebut the presumption that defense counsel's decisions were grounded in sound tactical considerations. Thus, the order does not meet the standard of Criminal Rule 35.1(g), which provides that the superior court "shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." Because the order does not include specific findings of fact regarding ineffective assistance of counsel, we vacate the order and remand for further proceedings.

■ It deserves noting that ordinarily, in the absence of express findings, we would view the record in the light most favorable to Zeciri.[12] But, because we are not certain that the court applied the appropriate burden of proof on the findings entered, we are not willing to view the record in that light.

When reconsidering Zeciri's application on remand, the superior court should enter findings on the standard of competence for an attorney of ordinary training and skill in criminal law when representing a client whose first language is not English, findings describing the trial attorney's representation, findings on how the trial attorney's representation fell below the nadir of the standard of competence, and findings that delineate which facts rebut the presumption that Ziciri's trial attorney's conduct was grounded in sound tactical considerations.

7. *Id.* at 425.

8. *Id.* at 424.

9. *State v. Jones,* 759 P.2d 558, 569 (Alaska App. 1988).

10. *See Risher v. State,* 523 P.2d at 424.

11. *See Drake v. Wickwire,* 795 P.2d 195, 196–97 (Alaska 1990); *see also Shaw v. State, Dept. of Admin., Pub. Defender Agency,* 816 P.2d 1358, 1361 (Alaska 1991).

12. *Id.*

If this case cannot be considered by the judge who was originally assigned to the case (who is now retired), the superior court judge assigned may proceed in whatever fashion would promote resolution of the pending issues, including conducting a hearing *de novo*.

### Conclusion

The judgment of the superior court is VACATED and the case is REMANDED for further proceedings in light of this opinion. We do not retain jurisdiction.

MANNHEIMER, Judge, not participating.

COATS, Chief Judge, dissenting.

Zeciri's claim, stripped to its essence, was that he did not have a sufficient grasp of the English language to meaningfully participate in his trial and to exercise his decision whether or not to testify. He claimed that his counsel was ineffective for proceeding to trial without an interpreter.

The evidence on Zeciri's ability to function in English and how this affected his ability to understand the proceedings and to exercise his decision to testify was sharply conflicting. Following the hearing, Superior Court Judge Karen L. Hunt concluded that Zeciri had met his burden to show that his counsel had been ineffective in failing to provide an interpreter for Zeciri. She concluded that Zeciri had not been able to adequately understand the proceedings at his trial, to participate in his defense, and to exercise his right to testify. Although the evidence was conflicting, on appeal we examined the evidence before the trial court in the light most favorable to the prevailing party. Applying this standard, Judge Hunt's findings are supported by the record.

Alaska Statute 12.72.040 and Alaska Criminal Rule 35.1(g) explicitly require an applicant for post-conviction relief to prove all factual assertions by clear and convincing evidence. Judge Hunt's findings are silent on what standard she applied in granting Zeciri's application.

Normally the outcome of this appeal at this stage would be clear—we would remand to Judge Hunt to insure that she applied the correct standard. But in this case, that is not possible. It is at this point where I part company with my colleagues. Judge Hunt has retired. The presiding judge of the superior court has informed us that Judge Hunt is not available to reconsider cases. This case involved several days of testimony and, if remanded, would have to be completely redone by another judge. From my review of the record, it appears that another judge could easily reach a different decision given the evidence presented at the evidentiary hearing. This causes me to reconsider whether we should remand the case.

The statute and criminal rule clearly establish that Zeciri had the burden of proving his factual allegations by clear and convincing evidence. Judge Hunt is an experienced judge and it seems very likely that she was aware of the burden of proof required. Furthermore, the record shows that the state constantly pointed this out to Judge Hunt. Particularly in its final argument, the state pointed out again and again that Zeciri was required to prove his case by clear and convincing evidence. Zeciri never challenged this in his argument. In fact, it does not appear Zeciri argued in the trial court for a lesser standard of proof. And in her findings, although she does not set out the burden of proof she is applying, Judge Hunt clearly concludes that Zeciri simply did not have an adequate command of the English language to go to trial without an interpreter and that this had a substantial impact on his right to testify. I conclude that, if the case could be remanded back to her, Judge Hunt would still grant Zeciri's application. It seems highly unlikely that, given the clarity of the law and the state's constant and uncontradicted emphasis on the clear and convincing standard of proof, she applied a different standard of proof. In all probability, she did not mention the burden of proof because the case did not turn on it.

Because we do not have the option of remanding this case back to Judge Hunt to clarify her findings and because I have a high degree of certainty that either Judge Hunt applied the correct burden of proof or her decision did not turn on the burden of

proof, I would affirm her decision granting Zeciri's application for post-conviction relief.