Tanya FRANKSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10483.

Court of Appeals of Alaska.

Aug. 17, 2012.

---

David D. Reineke, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Timothy W. Terrell, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

BOLGER, Judge.

Tanya Frankson was convicted of two counts of third-degree assault and one count of failing to render assistance following an accident. The State's witnesses testified that Frankson drove a four-wheeler toward two women, hitting one woman and frightening the other. Frankson's defense was that the two women were punching her, and that the accident occurred when she was trying to get away from them. On appeal, Frankson argues that the trial judge should have instructed the jury on the affirmative defense of necessity. But we decline to review Frankson's claim because Frankson's attorney clearly told the trial judge that the jury should not be instructed on this defense.

### Background

Tanya Frankson was driving a four-wheeler while looking for her boyfriend, Adam Tooyak. She found Tooyak at the home of Shanna Nash. When Frankson arrived at Nash's, she was upset because Nash "was drinking with [her] man." Frankson began yelling at Tooyak and struck him repeatedly. Tooyak decided to leave, but Frankson grabbed his truck's window frame and tried to hold on as he began to drive away.

At trial, Nash and her friend Helen Lane testified that they were outside of the house watching the argument between Frankson and Tooyak. When Frankson returned to the house, she climbed on her four-wheeler and started to drive away. After traveling a short distance down the road, Frankson turned the four-wheeler around and drove straight at Nash and Lane, hitting Nash, knocking her down, and running over the left side of her body. Lane was able to move out of the way and barely avoided being struck. After running over Nash, Frankson drove away without stopping.

Nash's mother and Brett Oktollik, who was across the street during the incident, both gave testimony corroborating much of Nash's and Lane's testimony. All of the witnesses agreed that nobody attacked Frankson or attempted to prevent her from leaving.

After Frankson left Nash's house, she drove home. The next day, she contacted the police to tell "her side of the story so that it would be fair." Frankson's conversation was recorded and the prosecutor played the recording at trial. Frankson told the officer that she was four months pregnant and that she was trying to get away from Nash and Lane because they were "trying to beat [her] up." She stated that hitting Nash was an accident because she was "blinded" by the women grabbing her hair and hitting her in the face. She "did a circle" and accidently "shoved [Nash's] hip and made her f[a]ll down." When the officer asked why she did not report the incident the previous night, Frankson stated that it was because she was frustrated and wanted to get some sleep.

Frankson was charged with third-degree assault for striking Nash,[1] with third-degree assault for frightening Lane,[2] and with failing

---

1. AS 11.41.220(a)(1)(A).

2. AS 11.41.220(a)(1)(B).

to render assistance to an injured person after an accident.[3]

Prior to trial, the State filed a motion in limine seeking to prevent Frankson from asserting the affirmative defenses of necessity or self-defense at trial. At a pre-trial hearing on the motion, Frankson's attorney denied that Frankson intended to assert a necessity defense. Instead, the attorney stated that Frankson's defense was that she was just trying to flee, and that the collision was an accident. But despite the attorney's position, the trial judge concluded that a necessity instruction should be given to the jury.

Following presentation of the State's case at trial, the prosecutor renewed her request that the necessity instruction be removed from the jury instructions, claiming that Frankson had not established the necessary elements for that defense. In response, the defense attorney initially stated that he thought Frankson's recorded statement was sufficient to support the instruction.

The prosecutor then asserted that Frankson had not established her entitlement to a necessity instruction because she did not admit that she believed there was no alternative to violating the law. The judge then asked the defense attorney, "[W]here do you want to go [with this instruction]?" The attorney said, "Your honor, I'll have to agree with the state. [Frankson] made no admissions that she violated the law . . . which is a crucial element of . . . necessity." (We do not endorse the parties' description of the necessity defense.)

The judge then specifically asked whether he should take the necessity instruction out of the instruction packet, and the defense

attorney answered, "Yes." The defense then rested its case without presenting any evidence. The jury convicted Frankson of all three charges.

### Discussion

■ If Frankson had requested the instruction on the necessity defense, then she would have been required to prove three elements: "(1) [t]he act charged must have been done to prevent a significant evil; (2) there must have been no adequate alternative; (3) the harm caused must not have been disproportionate to the harm avoided."[4] On appeal, Frankson argues that she established "some evidence" of each of these elements, and that the court committed plain error when it did not instruct the jury on this defense.[5] The State asserts that Frankson voluntarily chose not to pursue the necessity instruction and has waived this claim entirely.

■ Under Alaska Criminal Rule 30(a), a party does not preserve a claim of error relating to a jury instruction unless the party requests the instruction in the trial court and distinctly states the grounds for his or her request.[6] If a jury instruction claim is not properly preserved, the defendant must show plain error.[7] Plain error review applies to a jury instruction issue when a party "remains silent, failing to object to an alleged error, and then urges the error on appeal."[8]

■ However, the separate doctrine of "invited error" applies when the trial court takes erroneous action at the request of the party claiming error on appeal.[9] The Alaska Supreme Court has held on several occasions that an appellant may not rely on an error in

---

3. AS 28.35.060.

4. *Greenwood v. State,* 237 P.3d 1018, 1022 (Alaska 2010) (alteration in original) (quoting *Cleveland v. Anchorage,* 631 P.2d 1073, 1078 (Alaska 1981)).

5. *See generally State v. Garrison,* 171 P.3d 91, 94 (Alaska 2007) ("A defendant is entitled to a jury instruction on the necessity defense if [they] present 'some evidence' in support of that defense.").

6. Alaska R. Crim P. 30(a) provides in part, "No party may assign as error any portion of the charge or omission therefrom unless the party objects thereto before the jury retires to consider

its verdict, stating distinctly the matter to which the party objects and the grounds of the objections."

7. *See Willis v. State,* 57 P.3d 688, 694 (Alaska App.2002); *see also* Alaska R.Crim. P. 47(b).

8. *Barrett v. State,* 772 P.2d 559, 568 n. 10 (Alaska App.1989).

9. *Id.* (indicating that an appellate court may decline to consider an "invited error" even if the error would otherwise qualify as plain error).

the jury instructions when the party invites the error by agreeing to the instructions at trial.[10] Where an error is invited, this court "examines the error to see if there is an exceptional situation where reversal is necessary to preserve the integrity of the judicial process or to prevent a miscarriage of justice." [11]

██ In Frankson's case, the defense attorney affirmatively told the judge that the necessity instruction should be removed from the jury instruction packet. Thus, Frankson did not simply fail to preserve her claim—her attorney actively told the judge that the necessity instruction should not be given to the jury. We must therefore review the trial record to determine whether this case involves an exceptional situation where we are required to reverse an invited error.

We note that, in final argument, Frankson's attorney argued that Frankson was afraid because Nash and Lane were punching her, and that Frankson ran over Nash accidentally as she was trying to get away. He argued that the State had not proven that

Frankson knew she had been in an accident and, because Frankson was being threatened, she was not required to stop to render aid.

Despite the decision by Frankson's attorney to forgo an instruction on the necessity defense, he was able to argue to the jury that Frankson's conduct was justified because she was threatened with physical injury. Under these circumstances, we conclude that the trial court's failure to give the necessity instruction did not create an "exceptional situation" where reversal is necessary to prevent a miscarriage of justice.[12]

### Conclusion

We therefore AFFIRM the superior court's judgment of conviction.

---

**10.** *See Power Constructors, Inc. v. Taylor & Hintze*, 960 P.2d 20, 32–34 (Alaska 1998) (holding that the plaintiff waived its claim of error when it endorsed a modification to the jury instructions following final arguments); *Aviation Assocs., Ltd. v. TEMSCO Helicopters, Inc.*, 881 P.2d 1127, 1131–32 (Alaska 1994) (holding that a party cannot complain of errors in jury instructions after it advocates for the disputed language at trial); *Ben Lomond, Inc. v. Campbell*, 691 P.2d 1042, 1048 (Alaska 1984) (rejecting defendant's appeal of jury instructions that it had approved at trial); *Saxton v. Harris*, 395 P.2d 71, 72–73 (Alaska 1964) (ruling that the party who drafts inconsistent jury instructions cannot complain about the inconsistency on appeal).

**11.** *Roderer v. Dash*, 233 P.3d 1101, 1114 (Alaska 2010) (quoting *Parson v. State, Dep't of Revenue, Alaska Hous. Fin. Corp.*, 189 P.3d 1032, 1038 (Alaska 2008)) (internal quotation marks omitted).

**12.** *Id.*